Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

Detroit Division

Case: 2:25-cv-12716
Judge: Edmunds, Nancy G.
MJ: Grand, David R.
Filed: 08-28-2025
CMP Rockenhaus v. Agapiou, et al (tt)

Conrad Rockenhaus

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Stylianos Agapiou, Jeffry W. Konal, Dion Thomas

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Conrad Rockenhaus |
| Address | 2468 Fernwood Ave |
| City | Ann Arbor |
| State | MI |
| Zip Code | 48104 |
| County | Washtenaw |
| Telephone Number | 254-292-3350 |
| E-Mail Address | conrad@rockenhaus.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Stylianos Agapiou |
| Job or Title (if known) | U.S. Probation Officer |
| Address | 231 W. Lafayette Blvd |
| City | Detroit |
| State | MI |
| Zip Code | 48226 |
| County | Wayne |
| Telephone Number | 734-741-2063 |
| E-Mail Address (if known) | |

[✓] Individual capacity    [✓] Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Jeffry W. Konal |
| Job or Title (if known) | U.S. Supervisory Probation Officer |
| Address | 231 W. Lafayette Blvd |
| City | Detroit |
| State | MI |
| Zip Code | 48226 |
| County | Wayne |
| Telephone Number | 313-720-3995 |
| E-Mail Address (if known) | jeffry_konal@miep.uscourts.gov |

[✓] Individual capacity    [✓] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3
- Name: Dion Thomas
- Job or Title (if known): Supervising Chief U.S. Probation Officer
- Address: 231 W. Lafayette Blvd
  - City: Detroit
  - State: MI
  - Zip Code: 48226
- County: Wayne
- Telephone Number: 313-720-3995
- E-Mail Address (if known): dion_thomas@miep.uscourts.gov

☑ Individual capacity   ☑ Official capacity

Defendant No. 4
- Name:
- Job or Title (if known):
- Address:
  - City:
  - State:
  - Zip Code:
- County:
- Telephone Number:
- E-Mail Address (if known):

☐ Individual capacity   ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

☑ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

N/A

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

See attachment.
(ATTACHMENT 1)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

The defendants, Stylianos Agapiou, Jeffry W. Konal, and Dion Thomas, are all employees of the U.S. Probation Office, a federal agency. All actions, policies, and decisions described in this complaint were performed by the defendants while acting in their official capacity and under the authority vested in them as federal officers.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

The events occurred in the Eastern District of Michigan, primarily at the Plaintiff's residence in Ann Arbor, Michigan, and at the U.S. Probation Office in Detroit, Michigan.

B. What date and approximate time did the events giving rise to your claim(s) occur?

The events occurred continuously between September 2024 and August 2025.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attachment.
(ATTACHMENT 2)

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attachment.
(ATTACHMENT 3)

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See attachment.
(ATTACHMENT 4)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08/28/2025

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: Conrad Rockenhaus

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

City   State   Zip Code

Telephone Number
E-mail Address

**ATTACHMENT 1**

*[II. Basis for Jurisdiction*
*C. Plaintiffs suing under Bivens may only recover for the violation of certain constitutional rights. If you are suing under Bivens, what constitutional right(s) do you claim is/are being violated by federal officials?]*

The actions of the defendants violated the plaintiff's rights secured by the First, Fourth, and Fifth Amendments to the United States Constitution.

**Fifth Amendment (Due Process):** The defendants deprived the plaintiff of his liberty without due process of law. They imposed impossible and contradictory conditions of supervision, including requiring him to work full-time despite their knowledge that he is certified as 100% disabled and medically unfit for work by the Department of Veterans Affairs and the Social Security Administration. They further mandated an impossible restitution payment of $800 per month from his disability income. The defendants then actively sabotaged the plaintiff's ability to even attempt to work by repeatedly confiscating his authorized work phones, which were his necessary tools for employment. This course of conduct, creating a situation where compliance was impossible and then punishing the plaintiff for it, was arbitrary, oppressive, and shocks the conscience.

**Fourth Amendment (Unreasonable Seizure / Malicious Prosecution):** The defendants violated the plaintiff's right to be free from unreasonable seizure by deliberately fabricating evidence and making false statements to secure warrants for his arrest. These warrants, based on known falsehoods, were used to maliciously prosecute the plaintiff for fabricated violations and led directly to his wrongful seizure and incarceration.

**First Amendment (Retaliation):** The defendants' actions, including escalating the impossible demands and filing the false violation reports, were undertaken in direct retaliation for the plaintiff's wife, Adrienne Rockenhaus, exercising her protected First Amendment right to petition the government by filing a detailed, formal complaint against Defendant Agapiou on February 13, 2025.

ATTACHMENT 2

*[III. Statement of Claim*
*C. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)]*

1. The Plaintiff, Conrad Rockenhaus, is a medically retired veteran with a 100% disability rating from the VA and Social Security for a combat-related Traumatic Brain Injury (TBI) and PTSD. A condition of his supervised release requires him to work full-time, a direct contradiction to his documented medical status.

2. From his release until September 2024, Plaintiff's supervision under his initial officer, PO LaMisha Rice, was stable and compliant. His wife, Adrienne Rockenhaus, was formally approved as his employer, allowing him to use authorized work devices to comply with the work condition.

3. In September 2024, Plaintiff's case was reassigned to

**Defendant Stylianos Agapiou**.

**Defendant Agapiou** immediately created a hostile environment, making intimidating remarks during his first home visit on September 10, 2024.

4. On November 19, 2024,

**Defendant Agapiou** began actively sabotaging Plaintiff's ability to work by illegally confiscating his authorized work iPhone 13, a necessary tool for his employment. This created a direct conflict: mandating work while simultaneously taking away the means to perform it. Around January 2025, the probation office recommended an impossible restitution payment of $800 per month, an amount unaffordable on Plaintiff's disability income.

5. In response to this harassment, Plaintiff's wife filed a detailed formal complaint against

**Defendant Agapiou** on February 13, 2025. The response was immediate retaliation. On February 20, 2025,

**Defendant Thomas**, the Supervising Chief Probation Officer, improperly contacted Plaintiff's wife's ex-husband in an act of intimidation.

6. The retaliation escalated on April 29, 2025, when

**Defendant Jeffry W. Konal**, Defendant Agapiou's supervisor, authored and filed a petition for an arrest warrant. This petition falsely claimed Plaintiff was an

"absconder" , when Defendants knew he had been admitted to a VA hospital for an acute mental health crisis. This false warrant led to a U.S. Marshals raid on Plaintiff's home on May 5, 2025, and his wrongful incarceration.

7. On August 13, 2025,

**Defendant Agapiou** and **Defendant Konal** continued to sabotage Plaintiff's employment by seizing his second authorized work phone and Apple Watch during an unscheduled visit. Seven days later, on August 20, 2025,

**Defendant Agapiou** filed another petition for a warrant containing numerous demonstrably false claims, including that Plaintiff had "bounced" restitution payments and had used his vehicle's OnStar to instruct his wife to wipe the seized phone.

8. This pattern of conduct by **Defendants Agapiou, Konal, and Thomas** constitutes a deliberate and coordinated effort to violate Plaintiff's rights by enforcing impossible and contradictory conditions, sabotaging his ability to comply, and then maliciously prosecuting him with fabricated violations as a means of punishment and retaliation.

**ATTACHMENT 3**

*[IV. Injuries*
*If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.]*

As a direct result of the defendants' pattern of harassment, retaliation, and malicious prosecution, the Plaintiff, Conrad Rockenhaus, has sustained the following severe and ongoing injuries:

1. **Deprivation of Liberty**: Plaintiff was wrongfully incarcerated following his arrest on May 5, 2025, which was based on a warrant secured with fabricated claims authored by Defendant Konal. He was deprived of his freedom until May 13, 2025.
2. **Exacerbation of Service-Connected Disabilities**: Plaintiff is a 100% disabled veteran who suffers from a combat-related Traumatic Brain Injury (TBI) and severe PTSD. The defendants were fully aware of these conditions. Their campaign of constant threats, intimidation, and the traumatic U.S. Marshals raid on his home have severely exacerbated the symptoms of his PTSD and TBI, causing increased psychological distress, anxiety, and fear.
3. **Severe Emotional Distress**: The defendants' conduct, including making threats, illegally seizing property, filing false reports, and causing his wrongful arrest, has inflicted severe emotional and psychological distress upon the Plaintiff. He has been forced to live in a constant state of fear of being re-incarcerated based on fabrications by the very officers charged with his supervision.
4. **Deliberate Indifference to Medical Needs**: The defendants' actions worsened Plaintiff's mental health to the point of crisis. During a reporting session prior to his hospitalization, Plaintiff explicitly requested mental health assistance from **Defendant Agapiou**, but his desperate plea was disregarded. This deliberate indifference to his serious medical need contributed to his condition deteriorating until he required emergency ambulance transport and subsequent inpatient psychiatric care at a VA facility.

**ATTACHMENT 4**

*[V. Relief*
*State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.*
*If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.]*

Plaintiff, Conrad Rockenhaus, respectfully requests that the Court grant him the following relief:

1. **Declaratory Relief:** A declaration that the acts and omissions described in this complaint, committed by Defendants Stylianos Agapiou, Jeffry W. Konal, and Dion Thomas, violated the Plaintiff's rights as secured by the First, Fourth, and Fifth Amendments to the United States Constitution.
2. **Injunctive Relief:** An order:
    - Immediately and permanently enjoining the defendants from supervising, contacting, or having any involvement in the Plaintiff's case.
    - Compelling the U.S. Probation Office to assign a new, neutral probation officer to the Plaintiff's case.
    - Compelling the defendants to immediately return all of the Plaintiff's illegally seized personal and business property, including but not limited to an Apple iPhone 13, an Apple iPhone 15 Pro Max, and an Apple Watch Ultra 2.
3. **Compensatory Damages:** An award of compensatory damages in the amount of **$250,000.00**. This amount is to compensate the Plaintiff for his injuries, including the deprivation of his liberty during his wrongful incarceration ; the severe emotional and psychological distress he has suffered ; and the severe exacerbation of his service-connected disabilities (PTSD and TBI) resulting from the defendants' malicious conduct.
4. **Punitive Damages:** An award of punitive damages in the amount of **$500,000.00** against each defendant in their individual capacity. This relief is sought to punish the defendants for their willful, malicious, and reckless disregard for the Plaintiff's constitutional rights and to deter them and others from engaging in such conduct in the future.
5. **Costs of Litigation and Other Relief:** An award for the costs of this lawsuit and any other further relief that the Court deems just and proper.