

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

CONRAD ROCKENHAUS,

Plaintiff

Register Number: 39400–480

FCI Milan

4000 E Arkona Rd

Milan, MI 48160

ADRIENNE ROCKENHAUS,

Next Friend

35560 Grand River Ave, Unit 244

Farmington Hills, Michigan 48335

v.

STYLIANOS AGAPIOU, JEFFRY W. KONAL, DION THOMAS,

Defendants.

Case No. 2:25-cv-12716

Hon. Jane M. Beckering

Magistrate Judge Sally J. Berens

———

## MOTION TO PROCEED AS NEXT FRIEND, OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 9), AND REQUEST FOR STAY OF PROCEEDINGS

Pursuant to the constitutional next-friend doctrine articulated in Whitmore v. Arkansas, 495 U.S. 149 (1990), and the Court's inherent authority to consider filings explaining a party's incapacity, Adrienne Rockenhaus respectfully moves this Court for leave to proceed as "Next Friend" for Plaintiff Conrad Rockenhaus, for the purpose of responding to the Magistrate Judge's Report

and Recommendation (ECF No. 9). This motion also serves as valid objections to the Report and Recommendation (R&R), which recommends dismissal without prejudice for failure to file an amended in forma pauperis (IFP) application.

As explained below, dismissal is inappropriate due to Conrad's financial incapacity, medical incapacity, and active obstruction by prison officials preventing compliance with the Court's orders. Finally, this motion requests a stay of proceedings until Conrad is released or receives adequate medical treatment, as he cannot meaningfully participate while suffering untreated injuries and deliberate neglect at FCI Milan.

See also 28 U.S.C. § 2242 (codifying next-friend practice in habeas proceedings), cited here as historical support for the doctrine's application in cases of incapacity.

———

## GROUNDS FOR MOTION

### 1. Significant Relationship

Adrienne Rockenhaus is the wife of Plaintiff Conrad Rockenhaus and his designated representative under a legal Power of Attorney. She is actively dedicated to his best interests. (See Motion to Proceed as Next Friend in Related Case No. 2:23-cr-20701, attached as Exhibit A, which constitutes the complete Next Friend appeal filing and includes all necessary documentation for the Court's review). Ms. Rockenhaus also submits Exhibit B, a physician letter documenting her own medical limitations, solely to explain the extraordinary circumstances under which she is acting as next friend and to support any reasonable accommodation the Court deems appropriate.

———

### 2. Inability of Real Party to Proceed

Plaintiff Conrad Rockenhaus is incarcerated at FCI Milan and is currently unable to litigate his own cause due to lack of access to the court, medical incapacity resulting from an untreated head injury and seizures, and ongoing deliberate medical neglect. Specifically:

 * Incapacity via Trauma: Conrad was arrested on September 4, 2025, merely seven days after this Bivens complaint and a related complaint (Case No. 2:25-cv-12736) were filed. During a "Tactical Breach" by U.S. Marshals, he was subjected to excessive force, including being beaten and kicked in the head. This raid involved the same John Doe Marshal identified in the related Bivens complaint who had previously sexually harassed the Next Friend. The raid resulted in a new traumatic brain injury (TBI) exacerbating Conrad's pre-existing service-connected TBI and seizure disorder. He subsequently suffered a grand mal seizure in federal duty court. (See Habeas Corpus Petition, Case No. 2:25-cv-12913, detailing the violence and injuries).

 * Video Reference: A publicly available video of the September 4, 2025 arrest is available at https://youtu.be/DnGDdGYQHfU?si=7854zQvNGS3qSyMg. This link is provided solely for contextual reference and transparency regarding the incapacity argument; it is not submitted as a formal exhibit for adjudication at this stage.

 * Medical Neglect: U.S. Marshals removed Conrad from the hospital prematurely, against medical advice, and prior to a full neurological evaluation. At FCI Milan, he faces deliberate medical neglect: denial of treatment for the head injury or seizures, medication tampering, obstruction of welfare checks, and exposure to abusive staff. He faces a substantial and imminent risk of serious harm, as documented in real-time supplements to his habeas petition.

 * Obstruction of Legal Process: As detailed in Exhibit A, officials at FCI Milan actively obstructed his ability to prepare and file documents by denying entry to a licensed notary on October 22, 2025. This denial violated established BOP procedures (28 C.F.R. §§ 543.10–11) requiring reasonable legal preparation opportunities. Consequently, the Plaintiff was physically prevented from generating the notarized IFP forms requested by this Court.

 * Procedural Posture: All active Article III judges of the Eastern District of Michigan have recused themselves from Conrad's matters. The case is proceeding before out-of-district judges. Conrad's inability to comply with procedural requirements occurred during this period of extraordinary judicial transition, while he was incarcerated, injured, and medically incapacitated. Strict application of Rule 41(b) without considering these incapacity explanations would be unjust.

 * Financial Status: Conrad's financial situation remains unchanged and qualifies for IFP status, as approved in the related supervised release appeal (Case No. 2:23-cr-20701). (See Exhibit A, including the IFP Application and Approval).

———

3. Necessity to Avoid Forfeiture of Rights

Without Next Friend status, Conrad's claims in this Bivens action—alleging First Amendment retaliation, Fourth Amendment unreasonable search/seizure, and Fifth Amendment due process violations, will be forfeited due solely to his incapacity and prison barriers. This motion references the amended IFP information via the prior approval (Exhibit A) to cure the deficiency noted in the Court's Order (ECF No. 7) and R&R.

———

OBJECTIONS TO REPORT AND RECOMMENDATION

The R&R recommends dismissal for want of prosecution under Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 due to failure to file the amended IFP. Plaintiff objects to this recommendation. The recommendation overlooks the "good cause" for the delay: Conrad's post-filing arrest, head injury, seizure, and the specific obstruction by prison officials regarding notary access. Dismissal

is too harsh a sanction where the Plaintiff is physically, medically, and procedurally prevented from complying. The Court should deny the recommendation, accept the financial data in Exhibit A as sufficient for IFP purposes, and allow the case to proceed.

———

REQUEST FOR STAY OF PROCEEDINGS

Pursuant to the Court's inherent authority to manage its docket, Landis v. North American Co., 299 U.S. 248 (1936), this Court should stay all proceedings until Conrad is released from custody or receives necessary medical treatment. He cannot meaningfully participate while suffering an untreated medical crisis, and facing imminent harm at FCI Milan. The retaliatory nature of the September 4 raid, occurring days after the Bivens filings, directly caused his current incapacity. A stay ensures fairness and prevents prejudice.

———

Dated: December 15, 2025

/s/ Adrienne Rockenhaus

Adrienne Rockenhaus, Next Friend for Conrad Rockenhaus

35560 Grand River Ave, Unit 244

Farmington Hills, MI 48335

adrienne@rockenhaus.com

———

Index of Exhibits

 * Exhibit A: Motion to Proceed as Next Friend in Related Court of Appeals Docket #: 25-1974 (including IFP approval and argument regarding notary denial)

 * Exhibit B: Medical Letter from Treating Psychiatrist

* Exhibit C Between December 12 and 14, 2025, I sent three emails to FCI Milan Support and Advocacy BOP-RSD-SupportAndAdvocacy-S@bop.gov, detailing life-threatening medical neglect of Conrad Rockenhaus (Reg. No. 39400-480) at FCI Milan, attempted financial extortion targeting me during a comms blackout, and escalating staff retaliation, with the final email demanding a response by 12:00 PM ET on December 15, 2025; as of December 15, 2025, at 1:00 PM ET, no responses have been received to the December 12 and 13 emails, and the December 15 response to the December 14 email is purely deflective, acknowledging concerns but providing no substantive confirmation of medical treatment, investigation, or resolution, instead referring to public resources and stating escalation to the North Central Regional Office

and Office of Internal Affairs (OIA), further evidencing deliberate obstruction and indifference that contributes to Conrad's incapacity to comply with court orders, and copies of all three emails and the December 15 response are attached hereto.

———

CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, I served a copy of the foregoing MOTION TO PROCEED AS NEXT FRIEND, OBJECTIONS TO REPORT AND RECOMMENDATION, AND REQUEST FOR STAY OF PROCEEDINGS upon the following counsel for Defendants via U.S. First Class Mail:

Benjamin A. Anchill

U.S. Attorney's Office, E.D. Michigan

211 W. Fort St., Suite 2001

Detroit, MI 48226

Respectfully submitted,

/s/ Adrienne Rockenhaus

Adrienne Rockenhaus

734-585-6277

# Exhibit A



**General Docket**
**United States Court of Appeals for the Sixth Circuit**

RECAP Actions ▾

| | |
|---|---|
| **Court of Appeals Docket #:** 25-1974 | **Docketed:** 10/28/2025 |
| USA v. Conrad Rockenhaus | |
| **Appeal From:** Eastern District of Michigan at Detroit | |
| **Fee Status:** In Forma Pauperis | |

**Case Type Information:**
   1) Criminal
   2) Post-Conviction
   3) null

**Originating Court Information:**
   **District:** 0645-2 : 2:23-cr-20701-1
   **Court Reporter:** Linda M. Cavanagh
   **Trial Judge:** Stephen Joseph Murphy, III, Chief District Judge
   **Date Filed:** 12/27/2023

| **Date Order/Judgment:** | **Date NOA Filed:** |
|---|---|
| 10/21/2025 | 10/24/2025 |

**Prior Cases:**
   None

**Current Cases:**
   None

| | |
|---|---|
| UNITED STATES OF AMERICA<br>     Plaintiff - Appellee | Corinne M. Lambert<br>Direct: 313-226-9129<br>[COR LD NTC Government]<br>Office of the U.S. Attorney<br>Eastern District of Michigan<br>211 W. Fort Street<br>Suite 2001<br>Detroit, MI 48226 |
| v. | |
| CONRAD ROCKENHAUS (Federal Prisoner: #39400-480)<br>     Defendant - Appellant | Kaycee Berente<br>Direct: 614-469-4130<br>[COR LD NTC Fed Public Defender]<br>Federal Public Defender's Office<br>Southern District of Ohio<br>Firm: 614-469-2999<br>10 W. Broad Street<br>Suite 1020<br>Columbus, OH 43215<br><br>Conrad Rockenhaus<br>[NTC Pro Se]<br>F.C.I. Milan<br>P.O. Box 1000<br>Milan, MI 48160 |

| | | |
|---|---|---|
| 10/28/2025 | 1<br>3 pg, 101.85 KB | Criminal Case Docketed. Notice filed by Appellant Mr. Conrad Rockenhaus. Transcript needed: y. (RGF) [Entered: 10/28/2025 11:05 AM] |
| 10/28/2025 | 2<br>1 pg, 91.49 KB | ORDER filed to EXPEDITE case for briefing and submission. No extensions will be granted absent extraordinary circumstances. Electronic Transcript Order to be filed by 11/04/2025. Transcript now due by 11/25/2025 for Linda M. Cavanagh. (RGF) [Entered: 10/28/2025 11:10 AM] |
| 10/28/2025 | 3<br>6 pg, 152.52 KB | BRIEFING LETTER SENT setting expedited briefing schedule: appellant brief now due 12/05/2025. appellee brief now due 12/15/2025. (RGF) [Entered: 10/28/2025 11:14 AM] |
| 10/28/2025 | 4 | RULING to extend appointment of Mr. Sanford Plotkin for Mr. Conrad Rockenhaus as counsel under the Criminal Justice Act. (RGF) [Entered: 10/28/2025 11:18 AM] |
| 10/30/2025 | 5<br>1 pg, 254.22 KB | APPEARANCE filed for Appellee USA by Corinne M. Lambert. Certificate of Service: 10/30/2025. [25-1974] (CML) [Entered: 10/30/2025 11:10 AM] |
| 10/30/2025 | 6<br>3 pg, 1006.34 KB | LETTER SENT to Mr. Conrad Rockenhaus, directing that the enclosed notice of appeal be signed and returned to this court by 11/13/2025. (RGF) [Entered: 10/30/2025 12:00 PM] |
| 10/30/2025 | 7<br>4 pg, 149.65 KB | MOTION filed by Mr. Sanford Plotkin for Mr. Conrad Rockenhaus for Sanford Plotkin to withdraw as counsel for Defendant-Appellant. Certificate of Service: 10/30/2025. [25-1974] (SP) [Entered: 10/30/2025 02:00 PM] |
| 10/30/2025 | 8<br>1 pg, 86.78 KB | ORDER filed granting appellate counsel's motion to withdraw as counsel [7 ] filed by Mr. Sanford Plotkin..This Court will appoint new counsel for the defendant under the Criminal Justice Act. (RGF) [Entered: 10/30/2025 03:58 PM] |
| 10/31/2025 | 9<br>2 pg, 99.64 KB | RULING LETTER SENT to appoint Mr. Benton C. Martin for Mr. Conrad Rockenhaus, under the Criminal Justice Act. N.B. EXPEDITE APPEAL. Appearance and Electronic Transcript Order to be filed by 11/04/2025. (CL) [Entered: 10/31/2025 12:47 PM] |
| 10/31/2025 | 10<br>1 pg, 74.88 KB | APPEARANCE filed for Appellant Mr. Conrad Rockenhaus by Benton C. Martin. Certificate of Service: 10/31/2025. [25-1974] (BCM) [Entered: 10/31/2025 03:10 PM] |
| 11/03/2025 | 11 | TRANSCRIPT ordered from Ms. Linda M. Cavanagh, filed by Mr. Benton C. Martin for Mr. Conrad Rockenhaus. [11] ; ----- This is to order a transcript of the following proceedings and to certify that satisfactory financial arrangements have been completed ----- Transcript ordered on: *11/03/2025* ; District Court Judge/Magistrate: *Stephen J. Murphy, III* ; Hearing Dates: *10/07/2025 - Status Conference and 10/17/2025 - Sentencing* ; Method of Payment: *Federal Defender* ; Court reporter acknowledgement is due in 14 days. Certificate of Service: 11/03/2025. [25-1974] (BCM) [Entered: 11/03/2025 11:43 AM] |
| 11/04/2025 | 12 | Court Reporter Acknowledgement filed by Ms. Linda M. Cavanagh, for transcript [11] ; Arrangements for payment were made on *11/03/2025* ; Estimated completion date: *12/03/2025* ; Estimated number of pages: *40*. [25-1974] (LMC) [Entered: 11/04/2025 10:33 AM] |
| 11/04/2025 | 13 | TRANSCRIPT ordered from Ms. Linda M. Cavanagh, filed by Mr. Benton C. Martin for Mr. Conrad Rockenhaus. [13] ; ----- This is to order a transcript of the following proceedings and to certify that satisfactory financial arrangements have been completed ----- Transcript ordered on: *11/04/2025* ; District Court Judge/Magistrate: *Stephen J. Murphy, III* ; Hearing Dates: *05/13/2025 - Supervised Release Hearing* ; Method of Payment: *Federal Defender* ; Court reporter acknowledgement is due in 14 days. Certificate of Service: 11/04/2025. [25-1974] (BCM) [Entered: 11/04/2025 10:59 AM] |
| 11/04/2025 | 14 | TRANSCRIPT ordered from Ms. Linda M. Cavanagh, filed by Mr. Benton C. Martin for Mr. Conrad Rockenhaus. [14] ; ----- This is to order a transcript of the following proceedings and to certify that satisfactory financial arrangements have been completed ----- Transcript ordered on: *11/04/2025* ; District Court Judge/Magistrate: *Stephen J. Murphy, III* ; Hearing Dates: *10/14/2025 - Status Conference* ; Method of Payment: *Federal Defender* ; Court reporter acknowledgement is due in 14 days. Certificate of Service: 11/04/2025. [25-1974] (BCM) [Entered: 11/04/2025 11:11 AM] |
| 11/07/2025 | 15<br>2 pg, 916.9 KB | SIGNED DOCUMENT filed by Mr. Conrad Rockenhaus. (RGF) [Entered: 11/14/2025 07:56 AM] |
| 11/20/2025 | 16<br>5 pg, 93.36 KB | MOTION filed by Mr. Benton C. Martin for Mr. Conrad Rockenhaus for Benton C. Martin to withdraw as counsel for Conrad Rockenhaus. Certificate of Service: 11/20/2025. [25-1974] (BCM) [Entered: 11/20/2025 02:52 PM] |
| 11/24/2025 | 17 | Court Reporter Acknowledgement filed by Ms. Linda M. Cavanagh, for transcript [14], for transcript [13] ; Arrangements for payment were made on *11/04/2025* ; Estimated completion date: *12/01/2025* ; Estimated number of pages: *25*. [25-1974] (LMC) [Entered: 11/24/2025 12:32 PM] |

| | | |
|---|---|---|
| 11/25/2025 | ○ 18<br>2 pg, 160.86 KB | ORDER filed granting motion to withdraw as counsel [16 ▲] filed by Mr. Benton C. Martin. New counsel will be appointed under the Criminal Justice Act. (JBO) [Entered: 11/25/2025 03:42 PM] |
| 11/26/2025 | ○ 19 ▲<br>2 pg, 99.6 KB | RULING LETTER SENT to appoint Ms. Kaycee Berente for Mr. Conrad Rockenhaus, under the Criminal Justice Act. N.B. EXPEDITED APPEAL. Appearance Form and Electronic Transcript Order to be filed by 12/03/2025. (CL) [Entered: 11/26/2025 12:16 PM] |
| 11/26/2025 | ○ 20 ▲<br>1 pg, 92.04 KB | BRIEFING LETTER SENT: Resetting EXPEDITED briefing schedule: appellant brief now due 12/11/2025. appellee brief now due 12/22/2025; reply brief due 12/29/2025. (CL) [Entered: 11/26/2025 12:29 PM] |
| 11/26/2025 | ○ 21 ▲<br>1 pg, 239.26 KB | APPEARANCE filed for Appellant Mr. Conrad Rockenhaus by Kaycee L. Berente. Certificate of Service: 11/26/2025. [25-1974] (KB) [Entered: 11/26/2025 01:46 PM] |
| 12/01/2025 | ○ 22 | Transcript, [14], [11], [13], has been filed in the District Court on *12/01/2025* ; Court Reporter: Ms. Linda M. Cavanagh ; Actual Number of Pages: *65* ; Actual Number of Volumes: *4* ; [25-1974] (LMC) [Entered: 12/01/2025 09:30 AM] |
| 12/11/2025 | ○ 23 ▲<br>23 pg, 282.34 KB | APPELLANT BRIEF filed by Ms. Kaycee Berente for Mr. Conrad Rockenhaus. Certificate of Service: 12/11/2025. Argument Request: not requested. [25-1974] (KB) [Entered: 12/11/2025 02:42 PM] |

**Form 1A**

**Notice of Appeal to a Court of Appeals From a
Judgment of a District Court**

United States District Court for the <u>Eastern</u>
District of <u>Michigan</u>
Docket Number <u>2:23-cr-20701</u>

United States of America
, Plaintiff
v.
**Conrad Rockenhaus**
, Defendant

Notice of Appeal

<u>Conrad Rockenhaus</u> (name all parties taking the appeal)* appeal
to the United States Court of Appeals for the <u>Sixth</u> Circuit
from the final judgment entered on <u>10-20-25</u> (state the date
the judgment was entered).

Signed 10-23-25

(s) _____

*Next friend for* <u>CONRAD ROCKENHAUS</u>
*Address:* <u>FCI MILAN</u>
<u>P.O. BOX 1000, MILAN, MI 48160</u>

[***Note to inmate filers:*** *If you are an inmate confined in an
institution and you seek the timing benefit of Fed. R. App. P.
4(c)(1), complete Form 7 (Declaration of Inmate Filing) and
file that declaration with this Notice of Appeal.*]

_____

* See Rule 3(c) for permissible ways of identifying appellants.

1

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, October 23, 2025, I served a true and correct copy of the foregoing document: Notice of Appeal (Form 1A) by placing it in the U.S. Mail, postage prepaid, addressed to the following:

Office of the United States Attorney Eastern District of Michigan Attn: Corinne M. Lambert, AUSA 211 W. Fort Street, Suite 2001 Detroit, MI 48226

Dated: October 23, 2025

Adrienne Rockenhaus

Next Friend and Designated Representative for Conrad Rockenhaus

MIED 240 (01/2025) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff/Petitioner* | ) | |
| v. | ) | Civil Action No.   2:23-cr-20701 |
| Conrad Rockenhaus | ) | |
| *Defendant/Respondent* | ) | |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

      I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

      In support of this application, I answer the following questions and make the following statements by checking the appropriate boxes under penalty of perjury.

      1. *If incarcerated.* I am being held at:    FCI MILAN 4004 Arkona Rd P.O. BOX 1000, Milan, MI 48160   .

☑ I understand that if I have an account at the institution, I must attach to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. **If applicable, I am attaching such a Certificate of Trust Account or certified statement to this application.**

☑ I understand that if I was incarcerated at any other institution during the last six months and had an account there, I must also **attach a Certificate of Trust Account or certified statement** from that institution. **If applicable, I am attaching such a certified statement to this application.**

      2. *If not incarcerated.*  If I am employed, my employer's name and address are:

My gross pay or wages are:        , and my take-home pay or wages are:  $         per

*(specify pay period)*    .

      3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☐ Yes | ☑ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☑ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☑ No |
| (d) Disability, or worker's compensation payments | ☑ Yes | ☐ No |
| (e) Gifts, or inheritances | ☐ Yes | ☑ No |
| (f) Any other sources | ☐ Yes | ☑ No |

      *If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

VA Disability Compensation: $4,673.44 per month. Social Security Disability: Approximately $1,700.00 per month. NOTE: Social Security benefits were suspended as of October 2025 due to my incarceration. VA disability compensation will be suspended also. Access to my complete financial records is impossible, as our family's SoFi bank account was extra-judicially closed without cause following my arrest in September 2025.

3

4. Amount of money that I have in cash or in a checking or savings account:  $ _____ 0.00 .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

0

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

-$1900/mo rent
~$700/mo electricity, Internet,  phone service
$800/mo restitution
~$3000 in other expenses (food, services)

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

Adrienne Rockenhaus, my wife and dependent. I contribute all of my disability income to our shared household. Approximately $2,000 of this per month is required for her direct medical and living needs, which have greatly increased as a direct result of the stress and medical crises caused by this case.

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

$800/mo restitution

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

**If incarcerated,** I hereby authorize the agency holding me in custody to calculate the amounts specified by 28 U.S.C. § 1915(b), and to withdraw funds from my prison trust fund account (or institutional equivalent) and disburse those funds to the United States District Court for the Eastern District of Michigan to pay the filing fee in this case.  This authorization shall also apply to any agency into whose custody I may be transferred, and to any other district court to which my case may be transferred where my *in forma pauperis* application may be decided.

Date: _____10/23/2025_____

_A. Rockenh___
*NEXT OF FRIEND signature*

**Conrad Rockenhaus**
*Printed name*

[ Print ]   [ Save As... ]   [ Add Attachment ]          [ Reset ]

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, October 23, 2025, I served a true and correct copy of the foregoing document: *Application to Proceed in District Court Without Prepaying Fees or Costs* by placing it in the U.S. Mail, postage prepaid, addressed to the following:

Office of the United States Attorney Eastern District of Michigan Attn: Corinne M. Lambert, AUSA 211 W. Fort Street, Suite 2001 Detroit, MI 48226

Dated: October 23, 2025

Adrienne Rockenhaus

Next Friend and Designated Representative for Conrad Rockenhaus

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v.

CONRAD ROCKENHAUS, Defendant.

FCI Milan FEDERAL CORRECTIONAL INSTITUTION

P.O. BOX 1000 MILAN, MI 48160

Case No. 2:23-cr-20701 Hon. Stephen J. Murphy, III

DECLARATION OF ADRIENNE ROCKENHAUS IN SUPPORT OF MOTION FOR
LEAVE TO PROCEED IN FORMA PAUPERIS AS NEXT FRIEND

I, Adrienne Rockenhaus, declare as follows:

1. I am the designated representative, next friend, and wife of Conrad Rockenhaus,
   Inmate #39400-480, and I make this statement based on my personal
   knowledge.

2. To file for *In Forma Pauperis* status, an inmate is required to submit a certified
   copy of their six-month trust fund (commissary) account statement. This
   document can only be provided and certified by a prison official, typically the
   inmate's assigned counselor.

3. My husband's assigned counselor is Corey Grimm. As we have established in
   our other filings with this Court, Counselor Grimm is perpetually unavailable, fails
   to respond to inmate requests, and routinely loses or misplaces important
   documents.

4. Due to Counselor Grimm's consistent and documented failure to perform his
   duties, it is impossible for my husband to obtain the certified account statement
   required by the Court to file his own IFP application. Any request submitted to

Counselor Grimm for this document will be ignored or lost, thereby preventing my husband from meeting his filing deadlines.

5. The prison administration's failure to provide a functional process for obtaining these necessary documents is another example of their active obstruction of my husband's access to the courts.

6. For these reasons, I must file this Motion for Leave to Proceed *In Forma Pauperis* on his behalf as his next friend, to ensure his constitutional rights are not denied due to the prison's administrative sabotage.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 23, 2025

*Q. Rockenh*

Adrienne Rockenhaus

**Next Friend and Designated Representative for Conrad Rockenhaus**

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, October 23, 2025, I served a true and correct copy of the foregoing document: *Declaration of Adrienne Rockenhaus in Support of IFP Motion* by placing it in the U.S. Mail, postage prepaid, addressed to the following:

Office of the United States Attorney Eastern District of Michigan Attn: Corinne M. Lambert, AUSA 211 W. Fort Street, Suite 2001 Detroit, MI 48226

Dated: October 23, 2025

Adrienne Rockenhaus

Next Friend and Designated Representative for Conrad Rockenhaus

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v.

CONRAD ROCKENHAUS, Defendant. Reg. No. 39400-480 FCI Milan P.O. BOX 1000 MILAN, MI 48160

Case No. 2:23-cr-20701 Hon. Stephen J. Murphy, III

MOTION TO PROCEED AS NEXT FRIEND

Pursuant to 28 U.S.C. § 2242 and established federal common law, Adrienne Rockenhaus respectfully moves this Court for leave to proceed as "Next Friend" for Defendant Conrad Rockenhaus, for the purpose of filing the attached Notice of Appeal and related motions (Motion to Proceed *In Forma Pauperis* and Motion to Appoint Counsel).

This motion is based on the following grounds:

1. **Significant Relationship:** Adrienne Rockenhaus is the wife of Defendant Conrad Rockenhaus and his designated representative under a legal Power of Attorney. She is dedicated to his best interests. (See Declaration of Adrienne Rockenhaus,   1, attached as Exhibit A; Power of Attorney, attached as Exhibit C; Marriage Certificate, attached as Exhibit D).

2. **Inability of Real Party to Proceed:** Defendant Conrad Rockenhaus is incarcerated at FCI Milan and is unable to litigate his own cause due to lack of access to the court. Specifically, as detailed in the attached Declaration of Adrienne Rockenhaus (Exhibit A) and the Sworn Statement of Notary Juanita C. Burton (Exhibit B), officials at FCI Milan actively obstructed his ability to prepare and file his timely Notice of Appeal by denying entry to a licensed notary on October 22, 2025. This denial occurred despite established BOP procedures

allowing for external notaries and the known unavailability of internal prison staff
(Counselor Grimm) to provide the necessary service in a timely manner, creating
an effective denial of access. (See Ex. A,   2-6; Ex. B). This satisfies the
standard set forth in *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990).

3. **Necessity:** Allowing Adrienne Rockenhaus to proceed as Next Friend is
necessary to ensure Mr. Rockenhaus's right to appeal the Judgment of
Revocation entered in this case is not forfeited due to institutional obstruction
beyond his control.

For these reasons, supported by the attached Declaration and Exhibits, Adrienne
Rockenhaus requests that the Court grant this Motion and permit her to file the Notice of
Appeal and related motions on behalf of Conrad Rockenhaus.

Respectfully submitted,

Dated: October 23, 2025

Q. Rockenh

Adrienne Rockenhaus

Next Friend and Designated Representative for Conrad Rockenhaus

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, October 23, 2025, I served a true and correct copy of the foregoing document: Motion to Proceed as Next Friend, by placing it in the U.S. Mail, postage prepaid, addressed to the following:

Office of the United States Attorney Eastern District of Michigan Attn: Corinne M. Lambert, AUSA 211 W. Fort Street, Suite 2001 Detroit, MI 48226

Dated: October 23, 2025

*A. Rockenhaus*

Adrienne Rockenhaus

Next Friend and Designated Representative for Conrad Rockenhaus

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**

**UNITED STATES OF AMERICA, Plaintiff,**

**v.**

**CONRAD ROCKENHAUS, Defendant.**

**FCI Milan FEDERAL CORRECTIONAL INSTITUTION**

**P.O. BOX 1000 MILAN, MI 48160**

**OCTOBER 23, 2025**

**Case No. 2:23-cr-20701 Hon. Stephen J. Murphy, III**

**INDEX OF EXHIBITS IN SUPPORT OF MOTION TO PROCEED AS NEXT FRIEND**

**Exhibit A:** Declaration of Adrienne Rockenhaus in Support of Motion to Proceed as Next Friend

**Exhibit B:** Sworn Statement of Notary Juanita C. Burton, dated October 22, 2025

**Exhibit C:** Power of Attorney designating Adrienne Rockenhaus (formerly [Your Maiden Name])

**Exhibit D:** Marriage Certificate for Conrad Rockenhaus and Adrienne Rockenhaus

**Exhibit E:** Copy of Photo Identification for Adrienne Rockenhaus

# EXHIBIT A



UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v.

CONRAD ROCKENHAUS, Defendant.

FCI Milan FEDERAL CORRECTIONAL INSTITUTION

P.O. BOX 1000 MILAN, MI 48160

Case No. 2:23-cr-20701 Hon. Stephen J. Murphy, III

DECLARATION OF ADRIENNE ROCKENHAUS IN SUPPORT OF MOTION TO PROCEED AS NEXT FRIEND

I, Adrienne Rockenhaus, declare as follows:

1. I am the designated representative and wife of Conrad Rockenhaus, Inmate #39400-480, acting under a legal Power of Attorney. All facts herein are based on my personal knowledge.

2. Federal regulations mandate that the Bureau of Prisons (BOP) afford inmates a "reasonable opportunity to prepare legal documents" (28 C.F.R. § 543.10) and require that institution staff authorized to administer oaths "shall be available to provide necessary witnessing of these documents" (28 C.F.R. § 543.11(e)). Furthermore, the Warden must provide special accommodation for inmates facing "imminent court deadlines" (28 C.F.R. § 543.11(i)).

3. Despite these requirements, FCI Milan has failed to provide functional access. As documented extensively in Petitioner's pending Writ of Habeas Corpus (Case No. 2:25-cv-12913) and its numerous supplements, his assigned counselor, Corey Grimm – who would typically facilitate internal witnessing or notary services – is perpetually unavailable, routinely fails to process forms, and actively obstructs communication. This renders the internal process non-functional.

4. Recognizing the failure of the internal system and the need for timely notarization of appeal documents, I followed procedures established at other BOP facilities (e.g., MDC Brooklyn, FDC Houston) which permit external notaries as "legal assistants" or "special legal visitors" with prior approval. I hired a licensed mobile notary, Juanita C. Burton.

5. As detailed in the Sworn Statement of Notary Juanita C. Burton, attached as **Exhibit B**, officials at FCI Milan refused her entry on October 22, 2025. Critically, the notary informed Officer Bills at the front desk that the documents were time-sensitive, yet access was still denied with the statement, "Unfortunately no." *(This interaction is confirmed by audio recording obtained by the notary).*

6. FCI Milan's excuse – that Conrad must use an internal notary service – is pretextual and legally insufficient. By failing to ensure its internal staff notary is "available" as required by 28 C.F.R. § 543.11(e), while simultaneously imposing a blanket, arbitrary ban on external notaries (contrary to established practice at other secure BOP facilities), FCI Milan has created an **"effective denial"** of access.

7. This effective denial, particularly in the face of an imminent deadline for appeal documents, violates the BOP's duty to provide a "reasonable opportunity" under 28 C.F.R. § 543.10 and obstructs Conrad's fundamental right of access to the courts, making it impossible for him to pursue his appeal on his own behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 23, 2025

*Adrienne Rockenhaus*

Adrienne Rockenhaus

**Next Friend and Designated Representative for Conrad Rockenhaus**

# EXHIBIT B



STATE OF MICHIGAN
COUNTY OF WAYNE

SWORN STATEMENT

I, JUANITA C. BURTON do swear and state as follows:

My name is Juanita C. Burton. I am over the age of eighteen and am of sound mind, capable of making this statement.

I am a mobile notary public, commissioned in the State of Michigan, and my commission expires on 07/29/2030.

On October 22, 2025, at approximately 10:30 a.m. I arrived at the FCI Milan Federal Prison, located at 4004 Arkona Rd, Milan, MI 48160.

The purpose of my visit was to meet with an inmate, Conrad Rockenhaus, Inmate #39400-480, who is also a U.S. Veteran, to facilitate the signatures and/or notarization of documents necessary for his legal matters, representation and defense.

Upon arrival, I was refused access/entry to the facility by an officer who identified himself as "Officer Bills" who was operating at the front desk, entry of facility.

Officer Bills stated the reason for refusal as "they have notaries at the facility and outside notaries are not allowed".

I was acting in my official capacity as a notary public to perform a lawful notarial act.

All the facts stated herein are based on my personal knowledge and are true and correct to the best of my knowledge and belief.

I understand that this statement is made for use as evidence in court and is subject to penalty for perjury.

FURTHER AFFIANT SAYETH NAUGHT.

Dated this 22nd day of October, 2025.

_Juanita C. Burton_
Signature

_Juanita C. Burton_
Printed Name

_313 583-0137_
Business Phone

# EXHIBIT C



STATUTORY DURABLE POWER OF ATTORNEY

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE DURABLE POWER OF ATTORNEY ACT, SUBTITLE P, TITLE 2, ESTATES CODE. IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO. IF YOU WANT YOUR AGENT TO HAVE THE AUTHORITY TO SIGN HOME EQUITY LOAN DOCUMENTS ON YOUR BEHALF, THIS POWER OF ATTORNEY MUST BE SIGNED BY YOU AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW, OR A TITLE COMPANY.

You should select someone you trust to serve as your agent. Unless you specify otherwise, generally the agent's authority will continue until:

(1) you die or revoke the power of attorney;
(2) your agent resigns, is removed by court order, or is unable to act for you; or
(3) a guardian is appointed for your estate.

I, Conrad Alan Rockenhaus, 116 Neely Rd. Hewitt, TX 76643 (insert your name and address), appoint Lanita Rockenhaus, 116 Neely Rd. Hewitt, TX 76643 (insert the name and address of the person appointed) as my agent to act for me in any lawful way with respect to all of the following powers that I have initialed below. (YOU MAY APPOINT CO-AGENTS. UNLESS YOU PROVIDE OTHERWISE, CO-AGENTS MAY ACT INDEPENDENTLY.)

Co-Agent: Adrienne Blair, 24570 Lincoln Ct #152, Farmington Hills, MI 48335

TO GRANT ALL OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF (O) AND IGNORE THE LINES IN FRONT OF THE OTHER POWERS LISTED IN (A) THROUGH (N).

TO GRANT A POWER, YOU MUST INITIAL THE LINE IN FRONT OF THE POWER YOU ARE GRANTING.

**TO WITHHOLD A POWER, DO NOT INITIAL THE LINE IN FRONT OF THE POWER.** YOU MAY, BUT DO NOT NEED TO, CROSS OUT EACH POWER WITHHELD.

_____ (A) Real property transactions;

_____ (B) Tangible personal property transactions;

_____ (C) Stock and bond transactions;

_____ (D) Commodity and option transactions;

_____ (E) Banking and other financial institution transactions;

_____ (F) Business operating transactions;

_____ (G) Insurance and annuity transactions;

_____ (H) Estate, trust, and other beneficiary transactions;

_____ (I) Claims and litigation;

_____ (J) Personal and family maintenance;

_____ (K) Benefits from social security, Medicare, Medicaid, or other governmental programs or civil or military service;

_____ (L) Retirement plan transactions;

_____ (M) Tax matters;

_____ (N) Digital assets and the content of an electronic communication;

_____ (O) ALL OF THE POWERS LISTED IN (A) THROUGH (N). YOU DO NOT HAVE TO INITIAL THE LINE IN FRONT OF ANY OTHER POWER IF YOU INITIAL LINE (O).


SPECIAL INSTRUCTIONS:

Special instructions applicable to agent compensation (initial in front of one of the following sentences to have it apply; if no selection is made, each agent will be entitled to compensation that is reasonable under the circumstances):

_____ My agent is entitled to reimbursement of reasonable expenses incurred on my behalf and to compensation that is reasonable under the circumstances.

_____ My agent is entitled to reimbursement of reasonable expenses incurred on my behalf but shall receive no compensation for serving as my agent.
Special instructions applicable to co-agents (if you have appointed co-agents to act, initial in front of one of the following sentences to have it apply; if no selection is made, each agent will be entitled to act independently):

_____ Each of my co-agents may act independently for me.

_____ My co-agents may act for me only if the co-agents act jointly.

_____ My co-agents may act for me only if a majority of the co-agents act jointly.

(people who are unable able to gifts (initial in front of the following sentence to have it apply).

_____ I grant my agent the power to apply my property to make gifts outright to or for the benefit of a person, including by the exercise of a presently exercisable general power of appointment held by me, except that the amount of a gift to an individual may not exceed the amount of annual exclusions allowed from the federal gift tax for the calendar year of the gift.

ON THE FOLLOWING LINES YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT.

_____
_____
_____
_____
_____

UNLESS YOU DIRECT OTHERWISE BELOW, THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE UNTIL IT TERMINATES.

CHOOSE ONE OF THE FOLLOWING ALTERNATIVES BY CROSSING OUT THE ALTERNATIVE NOT CHOSEN:

(A)  This power of attorney is not affected by my subsequent disability or incapacity. (B) This power of attorney becomes effective upon my disability or incapacity. YOU SHOULD CHOOSE ALTERNATIVE (A) IF THIS POWER OF ATTORNEY IS TO BECOME EFFECTIVE ON THE DATE IT IS EXECUTED.

IF NEITHER (A) NOR (B) IS CROSSED OUT, IT WILL BE ASSUMED THAT YOU CHOSE ALTERNATIVE (A).

**If Alternative (B) is chosen and a definition of my disability or incapacity is not contained** in this power of attorney, I shall be considered disabled or incapacitated for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs.  I authorize the physician who examines me for this purpose to disclose my physical or mental condition to another person for purposes of this power of attorney.  A third party who accepts this power of attorney is fully protected from any action taken under this power of attorney that is based on the determination made by a physician of my disability or incapacity.

I agree that any third party who receives a copy of this document may act under it. Termination of this durable power of attorney is not effective as to a third party until the third party has actual knowledge of the termination.  I agree to indemnify the third party

for any claims in a case against the third party because of reliance on this power of attorney. The meaning and effect of this durable power of attorney is determined by Texas law

If any agent named by me dies, becomes incapacitated, resigns, or refuses to act, or is removed by court order, or if my marriage to an agent named by me is dissolved by a court decree of divorce or annulment or is declared void by a court (unless I provided in this document that the dissolution or declaration does not terminate the agent's authority to act under this power of attorney), I name the following (each to act alone and successively, in the order named) as successor(s) to that agent:

Jean Rockenhaus

Signed this _12_ day of __May__ ,20 _21_.

_____
(your signature)

State of ___Texas___
County of ~~Tarrant~~ Fannin R4

This document was acknowledged before me on May 12 ,20 21 (date) by Conrad Rockenhaus (name of principal).

(Seal, if any, of notary)

REGINA JOHNSON
Notary Public, State of Texas
Comm. Expires 01-26-2025
Notary ID 126400063

_____
(signature of notarial officer)

Regina Johnson
(print name)

My commission expires: __01-26-2025__

IMPORTANT INFORMATION FOR AGENT

Agent's Duties

When you accept the authority granted under this power of attorney, you establish a "fiduciary" relationship with the principal. This is a special legal relationship that imposes on you legal duties that continue until you resign or the power of attorney is terminated, suspended or revoked by the principal or by operation of law. A fiduciary duty generally includes the duty to:

(1)     act in good faith;
(2)     do nothing beyond the authority granted in this power of attorney;
(3)     act loyally for the principal's benefit;
(4)     avoid conflicts that would impair your ability to act in the principal's best interest; and
(5)     disclose your identity as an agent when you act for the principal by writing or printing the name of the principal and signing your own name as "agent" in the following manner:

<u>Conrad Alan Rockenhaus</u>     (Principal's Name) by  *Adrienne Blei*  (Your Signature) as Agent

In addition, the Durable Power of Attorney Act (Subtitle P, Title 2, Estates Code) requires you to:

(1)     maintain records for each action taken or decision made on behalf of the principal;
(2)     maintain all records until delivered to the principal, released by the principal, or discharged by a court; and
(3)     if requested by the principal, provide an accounting to the principal that, unless directed by the principal or otherwise provided in the Special Instructions, must include:
(A)     the property belonging to the principal that has come to your knowledge or into your possession;
(B)     each action taken or decision made by you as agent;
(C)     a complete account of receipts, disbursements, and other actions of you as agent that includes the source and nature of each receipt, disbursement or action, with receipts of principal and income shown separately;
(D)     a listing of all property over which you have exercised control that includes an adequate description of each asset and the asset's current value, if known to you;
(E)     the cash balance on hand and the name and location of the depository at which the cash balance is kept;
(F)     each known liability;
(G)     any other information and facts known to you as necessary for a full and definite understanding of the exact condition of the property belonging to the principal; and
(H)     all documentation regarding the principal's property.

PowerofAttorney.com

Termination of Agent's Authority

You must stop acting on behalf of the principal if you learn or any event that terminates or suspends this power of attorney or your authority under this power of attorney. An event that terminates this power of attorney or your authority to act under this power of attorney includes:

(1)     the principal's death;
(2)     the principal's revocation of this power of attorney or your authority;
(3)     the occurrence of a termination event stated in this power of attorney;
(4)     if you are married to the principal, the dissolution of your marriage by court decree of divorce or annulment or declaration that your marriage is void, unless otherwise provided in this power of attorney;
(5)     the appointment and qualification of a permanent guardian of the principal's estate unless a court order provides otherwise; or
(6)     if ordered by a court, your removal as agent (attorney in fact) under this power of attorney. An event that suspends this power of attorney is the appointment and qualification of a temporary guardian unless a court order provides otherwise.

## Liability of the Agent

The authority granted to you under this power of attorney is specified in the Durable Power of Attorney Act (Subtitle P, Title 2, Estates Code).  If you violate the Durable Power of Attorney Act or act beyond the authority granted, you may be liable for any damages caused by the violation or subject to prosecution for misapplication of property by a fiduciary under Chapter 32 of the Texas Penal Code.

THE AGENT, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

# EXHIBIT D





05/11/2023
DATE OF APPLICATION

**Marriage License**
**State of Michigan**

STATE FILE NO.

DATE CERTIFICATE FILED

2023-01692
LOCAL FILE NO

To any person legally authorized to solemnize marriage, the marriage must be solemnized in the State of Michigan on or before   June 13, 2023
DATE

**COUPLE**

ADRIENNE MARJORIE BLAIR
FULL NAME (First, Middle, Last)   ☐ MALE   ☒ FEMALE

and  CONRAD ALAN ROCKENHAUS
FULL NAME (First, Middle, Last)   ☒ MALE   ☐ FEMALE

HEIN
SURNAME ON BIRTH CERTIFICATE, IF DIFFERENT

SURNAME ON BIRTH CERTIFICATE, IF DIFFERENT

43
PRESENT AGE

08/16/1979
DATE OF BIRTH

41
PRESENT AGE

02/03/1982
DATE OF BIRTH

PONTIAC MICHIGAN
BIRTHPLACE – CITY AND STATE

MILLINGTON TENNESSEE
BIRTHPLACE – CITY AND STATE

24570 LINCOLN CT APT 152
RESIDENCE NO.            STREET

24570 LINCOLN CT APT 152
RESIDENCE NO.            STREET

FARMINGTON HILLS      MI      48335
CITY, STATE, AND ZIP CODE

FARMINGTON HILLS      MI      48335
CITY, STATE, AND ZIP CODE

OAKLAND
RESIDENCE COUNTY

1
TIMES PREVIOUSLY MARRIED

OAKLAND
RESIDENCE COUNTY

1
TIMES PREVIOUSLY MARRIED

**PARENTS**

ROBERT NORMAN HEIN
FULL NAME (First, Middle, Last)

ERIC JOSEPH ROCKENHAUS
FULL NAME (First, Middle, Last)

HEIN
SURNAME AT BIRTH

MICHIGAN
BIRTHPLACE

ROCKENHAUS
SURNAME AT BIRTH

ARKANSAS
BIRTHPLACE

DEBORAH DIANE FENWICK
FULL NAME (First, Middle, Last)

LENITA ROBLES FERNANDO ROCKENHAUS
FULL NAME (First, Middle, Last)

DEW
SURNAME AT BIRTH

OHIO
BIRTHPLACE

ROBLES FERNANDO
SURNAME AT BIRTH

PHILIPPINES
BIRTHPLACE

Based on the affidavit filed in this office, I hereby grant this marriage license on      MAY   15TH   2023
(Month, Day, Year)

LISA BROWN
COUNTY CLERK

OAKLAND
COUNTY

DEPUTY CLERK

# Certificate of Marriage

I hereby certify that, in accordance with the above license, the persons herein mentioned were joined in marriage,

in   Oakland, Clarkston County of   Oakland   Michigan,
CITY, VILLAGE, TOWNSHIP

on the   20th   day of   May   A.D. 20 23 , in the presence of

SIGNATURE OF OFFICIANT/CERTIFIER

Rev Tim Chappell
NAME AND TITLE OF OFFICIANT/CERTIFIER (TYPE OR PRINT)

499 Wyndham Dr Oxford, MI 48371
FULL MAILING ADDRESS OF OFFICIANT/CERTIFIER

Cunningham
SIGNATURE OF WITNESS

Ann M Helgren
SIGNATURE OF WITNESS

Sandra Cunningham
NAME OF WITNESS (TYPE OR PRINT)

Ann M Helgren
NAME OF WITNESS (TYPE OR PRINT)

Adrienne Rockenhaus
SIGNATURE OF SPOUSE

SIGNATURE OF SPOUSE

Adrienne Rockenhaus
PRINTED NAME OF SPOUSE

Conrad Rockenhaus
PRINTED NAME OF SPOUSE

DCH-0482 (Rev. 11-18)   By Authority of MCL 551.102

25

# EXHIBIT E





UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v.

CONRAD ROCKENHAUS, Defendant. Reg. No. 39400-480 FCI Milan P.O. BOX 1000
MILAN, MI 48160

Case No. 2:23-cr-20701 Hon. Stephen J. Murphy, III

MOTION TO APPOINT COUNSEL FOR APPEAL

Defendant/Appellant, Conrad Rockenhaus, by and through his designated
representative and next friend, Adrienne Rockenhaus, respectfully moves this Court,
pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, Federal Rule of Appellate
Procedure 24(a)(3), Sixth Circuit Rule 12(c), and the Sixth Circuit Criminal Justice Act
Plan, for an order appointing counsel to represent him in his appeal of the Judgment of
Revocation entered in this matter on October 20, 2025 (ECF No. 27). Appellant also
requests confirmation of his leave to proceed *in forma pauperis* on appeal.

This motion is based on the statutory mandate for appointment of counsel for financially
eligible individuals appealing supervised release revocations, the prior judicial finding of
Appellant's indigence, controlling constitutional principles, the rules and practices of the
U.S. Court of Appeals for the Sixth Circuit, and the compelling interests of justice,
particularly given the documented institutional obstruction hindering Appellant's ability to
proceed *pro se*. A memorandum of law and summary of authorities are included herein.

## MEMORANDUM OF LAW IN SUPPORT OF THE APPOINTMENT OF COUNSEL FOR AN INDIGENT APPELLANT

### I. The Unambiguous Statutory Right to Counsel on Appeal Under the Criminal Justice Act

29

The appointment of counsel for Appellant Conrad Rockenhaus is not a matter of judicial discretion but a direct and unambiguous mandate under federal law. The plain language of the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, establishes a non-discretionary right to representation for financially eligible individuals appealing a revocation of supervised release. This statutory right is further solidified by the Federal Rules of Criminal Procedure and is operationalized through the U.S. Court of Appeals for the Sixth Circuit's own rules and CJA plan, which collectively create a system designed for the automatic and continuous representation of indigent appellants in this exact posture.

## A. The Plain Language of 18 U.S.C. § 3006A Mandates Appointment

The architecture of the Criminal Justice Act creates a clear distinction between proceedings where the appointment of counsel is mandatory and those where it is discretionary. The statute's structure forecloses any argument that the appointment of counsel in this matter is subject to a discretionary, merits-based analysis.

Title 18 U.S.C. § 3006A(a)(1) employs the dispositive phrase, "Representation **shall be provided**" for any financially eligible person involved in a series of enumerated proceedings. This list explicitly includes an individual who "is charged with a violation of supervised release or faces modification... or **revocation of a term of supervised release**". 18 U.S.C. § 3006A(a)(1)(E) (emphasis added). Mr. Rockenhaus, who is appealing the judgment revoking his supervised release, falls squarely within this mandatory category.

This mandatory language is deliberately contrasted with the permissive language of § 3006A(a)(2), which states that "representation *may* be provided" for other matters, such as most habeas corpus petitions under 28 U.S.C. §§ 2241, 2254, or 2255, but only "[w]henever the United States magistrate judge or the court determines that the interests of justice so require". By placing supervised release revocations in the mandatory section (§ 3006A(a)(1)), Congress made a clear legislative choice to remove the "interests of justice" inquiry from the threshold determination of entitlement to counsel in these specific proceedings. The court's only task under § 3006A(a)(1) and §

3006A(b) is to determine financial eligibility and, upon such a finding and absent waiver, appoint counsel.

Furthermore, the CJA explicitly extends this mandatory right through the appellate process. Section 3006A(c) states that "[a] person for whom counsel is appointed **shall be represented at every stage** of the proceedings from his initial appearance... **through appeal**, including ancillary matters appropriate to the proceedings" (emphasis added). This provision creates a seamless, unbroken entitlement to representation that begins at the initial appearance for the revocation and continues until the final disposition of any direct appeal.

## B. Corroboration by Federal Rules of Criminal Procedure and Sixth Circuit Rules

This statutory mandate is independently reinforced by the Federal Rules of Criminal Procedure. Rule 44(a) provides a clear and broad entitlement: "A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant **at every stage of the proceeding from initial appearance through appeal**, unless the defendant waives this right" (emphasis added). Rule 32.1, which specifically governs supervised release revocation proceedings, repeatedly affirms the right to counsel at the hearing stage, requiring the judge to advise the person of their "right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel". Fed. R. Crim. P. 32.1(b)(2)(D). Read together, Rule 32.1 establishes the right at the district court level, and Rule 44(a) extends that same right through the conclusion of the appeal, creating an unbreakable chain of entitlement.

The Sixth Circuit's own local rules and CJA Plan implement this federal mandate through a procedural default that underscores its non-discretionary nature. Sixth Circuit Rule 12(c) states, "Trial counsel in criminal cases must continue representation of the defendant on appeal unless relieved by the court." Critically, it further provides: "**If the district court appointed trial counsel, this court will appoint trial counsel as appellate counsel** when the notice of appeal is filed. **Appellant need not provide further proof of indigence**." 6th Cir. R. 12(c) (emphases added). This rule creates an automatic appointment process, demonstrating the Circuit's interpretation of the right as

continuous. The Sixth Circuit's CJA Plan further provides that "[c]ounsel appointed by the district court must continue to represent the client until relieved by the United States Court of Appeals for the Sixth Circuit." U.S. Ct. App. 6th Cir., Criminal Justice Act Plan § I (July 13, 2023). This system is designed to prevent any gap in representation.

## II. The Conclusive Presumption of Financial Eligibility on Appeal

The question of Mr. Rockenhaus's financial eligibility for appointed counsel is not a matter for fresh adjudication. The district court has already made a dispositive finding of his indigence, and under the rules of this Circuit, that finding carries forward to the appeal. This prior judicial determination is sufficient to satisfy the financial eligibility prerequisite for mandatory appointment under the CJA.

### A. The Continuing Effect of the District Court's Indigence Finding

The Sixth Circuit's CJA Plan is controlling on this issue. It states that, "**absent a change in financial conditions, any determination that a person is eligible** for representation by appointed counsel made in the district court **shall continue on appeal**." U.S. Ct. App. 6th Cir., CJA Plan § I (emphasis added). This principle is echoed in Sixth Circuit Rule 12(c), which provides that where counsel was appointed below (or eligibility was determined), the "Appellant need not provide further proof of indigence" on appeal. 6th Cir. R. 12(c).

In the instant case, the district court made a formal judicial finding of Mr. Rockenhaus's financial inability to pay. In its Judgment of Revocation dated October 20, 2025 (ECF No. 27, PageID.88), the court explicitly **waived the costs of incarceration** after finding that he **"lacks financial resources."** This finding is the "determination that a person is eligible" contemplated by the Circuit's CJA Plan. As there is no evidence of a change in his financial condition—indeed, his incarceration ensures his continued indigence—this finding must be given continuing effect on appeal.

### B. The Standard for Proceeding *In Forma Pauperis* (IFP) Under 28 U.S.C. § 1915

Concurrently with this motion, Appellant is filing a Motion to Proceed *In Forma Pauperis* (IFP) pursuant to 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Rule 24(a)(3) states: "A party permitted to proceed *in forma pauperis* in the district-court action, or **who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal** *in forma pauperis* **without further authorization**, unless..." the court certifies bad faith or changed circumstances (emphasis added). Fed. R. App. P. 24(a)(3). The district court's finding that Mr. Rockenhaus lacks financial resources directly triggers this rule, automatically authorizing his IFP status on appeal absent a contrary certification.

While the CJA governs the right to counsel, § 1915 governs the waiver of filing fees. The two statutes, though legally distinct, are animated by the same constitutional principle: that the quality of justice cannot depend on ability to pay. *See Gideon v. Wainwright*, 372 U.S. 335 (1963). The judicial finding that Appellant meets the IFP standard *a fortiori* establishes his financial eligibility under the CJA. The court's decision on the IFP motion functionally predetermines the financial eligibility component, leaving only the question of whether the proceeding is covered by the Act—which, as established, it is.

### III. The "Interests of Justice" as a Compelling, Alternative Ground for Appointment

Assuming, *arguendo,* that the Court were to find the appointment of counsel in this matter to be discretionary (contrary to the plain language of § 3006A(a)(1)(E) and (c)), the specific facts of this case present an overwhelming argument for appointment under the "interests of justice" standard. This standard, typically applied in habeas cases under § 3006A(a)(2)(B) or civil cases under 28 U.S.C. § 1915(e)(1), requires the court to weigh factors including the complexity of the issues, the potential merits, and the litigant's ability to represent himself. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (appointment in civil cases justified by "exceptional circumstances," considering complexity and litigant's abilities). Here, Mr. Rockenhaus's ability to litigate *pro se* is actively and dangerously compromised.

**A. Complexity of the Appeal.** The appeal raises mixed questions of constitutional due process, procedural regularity in the revocation process, and the critical interplay between institutional obstruction and access to the courts—issues well beyond the capacity of a lay inmate proceeding *pro se*.

**B. The Appellant's Severely Compromised Ability to Litigate Pro Se Due to Documented Obstruction and Conditions of Confinement.** The argument for appointment is grounded in concrete reality: 1. **Documented Institutional Obstruction:** As detailed in the sworn statement of Notary Juanita C. Burton, filed concurrently herewith, officials at FCI Milan actively obstructed Mr. Rockenhaus's access to the courts on October 22, 2025, by denying entry to a licensed notary required for his time-sensitive appeal documents. This is not a mere inconvenience; it is a fundamental barrier implicating his constitutional right of meaningful access. Prison officials are constitutionally required to provide inmates with "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). 2. **"Actual Injury" Under *Lewis v. Casey*:** The denial of notary access is precisely the type of concrete, non-speculative **"actual injury"** that *Lewis v. Casey*, 518 U.S. 343 (1996), requires an inmate to show. It is an affirmative act of obstruction by prison staff directly preventing the filing of necessary legal documents, causing clear injury to his ability to pursue his appeal. Because the prison administration is the source of the injury, appointed counsel immune to this internal obstruction is the only effective remedy. 3. **Hostile and Coercive Environment:** The serious allegations detailed in Mr. Rockenhaus's pending habeas corpus petition (E.D. Mich. Case No. 2:25-cv-12913) and its ten supplemental declarations are critically relevant to his ability to safely litigate this appeal *pro se*. These allegations—including witness tampering, deliberate indifference to serious medical needs, retaliatory actions, and staff misconduct—establish the perilous context of his confinement. This context creates a *de facto* conflict of interest for the institution, chilling Appellant's ability to advocate effectively and safely. Appointed counsel provides a necessary buffer. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (discussing "interests of justice" in appointing counsel).

These factors constitute the "exceptional circumstances" under *Lavado* that compel appointment even under a discretionary analysis.

## IV. Conclusion: Appointment of Counsel is Both Statutorily Required and Constitutionally Necessary

For the foregoing reasons, the appointment of counsel is required. The Court's analysis should begin and end with the plain language of the Criminal Justice Act. Title 18 U.S.C. § 3006A(a)(1)(E) and (c), reinforced by Federal Rule of Criminal Procedure 44(a) and this Circuit's own Rule 12(c), create a mandatory, non-discretionary right to counsel for a financially eligible person appealing a revocation of supervised release. The district court's prior finding of indigence is controlling under FRAP 24(a)(3) and the Sixth Circuit CJA Plan.

However, should the Court proceed to a discretionary analysis, the confluence of legal complexity, the inherent difficulties of *pro se* litigation from prison, documented institutional obstruction causing "actual injury," and the coercive environment demonstrated by the pending habeas litigation makes the appointment of counsel a constitutional necessity under the "interests of justice." *See Douglas v. California*, 372 U.S. 353 (1963); *Evitts v. Lucey*, 469 U.S. 387 (1985). To deny counsel under these circumstances would deny Mr. Rockenhaus meaningful access to the courts and a fair hearing on appeal.

**WHEREFORE**, Appellant Conrad Rockenhaus, by his next friend, respectfully requests that this Court appoint counsel pursuant to 18 U.S.C. § 3006A to represent him on this appeal and confirm his leave to proceed *in forma pauperis*.

Respectfully submitted,

Dated: October 23, 2025

*a. Rockenh*

Adrienne Rockenhaus

Next Friend and Designated Representative for Conrad Rockenhaus

## SUMMARY OF AUTHORITIES

### Statutes and Rules

- 18 U.S.C. § 3006A(a)(1)(E), (b), (c) – Provides for mandatory appointment of counsel for financially eligible persons charged with violation of supervised release, requiring representation "at every stage of the proceedings … through appeal."
- 18 U.S.C. § 3006A(a)(2)(B) – Authorizes appointment "whenever the interests of justice so require," including discretionary appointment in collateral or ancillary matters.
- 28 U.S.C. § 1915(a)(1), (a)(3), (e)(1) – Governs *in forma pauperis* proceedings, continuation on appeal, and discretionary appointment of counsel.
- Fed. R. Crim. P. 32.1(b)(2)(D) – Grants defendants the right to retained or appointed counsel during supervised-release revocation proceedings.
- Fed. R. Crim. P. 44(a) – Grants defendants unable to obtain counsel the right to appointed counsel at every stage from initial appearance through appeal.
- Fed. R. App. P. 24(a)(3) – Provides that prior indigency determinations automatically extend to appeal unless revoked by certification of bad faith.
- 6th Cir. R. 12(c) – States that trial counsel in criminal cases must continue representation on appeal unless relieved, and that the court will appoint trial counsel as appellate counsel without requiring new proof of indigence.
- U.S. Court of Appeals for the Sixth Circuit, Criminal Justice Act Plan § I (July 13, 2023) – Confirms that any determination of CJA eligibility in the district court "shall continue on appeal" absent a change in financial conditions.

### Supreme Court Decisions

- *Douglas v. California*, 372 U.S. 353 (1963) – Establishes that denying counsel to indigent appellants on their first appeal as of right violates Equal Protection and Due Process.

- *Anders v. California*, 386 U.S. 738 (1967) – Defines procedure for counsel's withdrawal in frivolous appeals, presupposing the right to appointed appellate counsel.
- *Evitts v. Lucey*, 469 U.S. 387 (1985) – Holds that the right to counsel on appeal includes the right to effective assistance of counsel.
- *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) – Recognizes due process may require appointed counsel in probation/parole revocations (strengthened by Rule 32.1 for federal cases).
- *Bounds v. Smith*, 430 U.S. 817 (1977) – Requires prisons to provide inmates with "adequate, effective, and meaningful" access to the courts.
- *Lewis v. Casey*, 518 U.S. 343 (1996) – Clarifies *Bounds*; inmate must show "actual injury" from denial of legal access.
- *Gideon v. Wainwright*, 372 U.S. 335 (1963) – Foundational right to counsel in criminal cases.

**Sixth Circuit and Other Federal Authorities**

- *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) – Explains "exceptional circumstances" test for discretionary appointment (complexity, merits, litigant's ability).
- *Franklin v. Rose*, 765 F.2d 82 (6th Cir. 1985) – Affirms court's discretion under "interests of justice."
- *United States v. Lewis*, No. 06-6011, 2007 WL 2317118 (6th Cir. Aug. 13, 2007) (unpublished) – Illustrates appeals from supervised-release revocations are within Sixth Circuit jurisdiction.
- Guide to Judiciary Policy, Vol. 7A, Ch. 2 (Admin. Office of U.S. Courts) – Implements CJA; directs mandatory appointment unless waived; doubts resolved in favor of eligibility.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, October 23, 2025, I served a true and correct copy of the foregoing document: Motion to Appoint Counsel for Appeal, by placing it in the U.S. Mail, postage prepaid, addressed to the following:

Office of the United States Attorney Eastern District of Michigan Attn: Corinne M. Lambert, AUSA 211 W. Fort Street, Suite 2001 Detroit, MI 48226

Dated: October 23, 2025

*A Rockenh*

Adrienne Rockenhaus

Next Friend and Designated Representative for Conrad Rockenhaus

# Exhibit B



**ᴘSYCHIATRᵧ**

**THE PSYCHIATRY AND PSYCHOLOGY CENTER**

650 GRISWOLD ST, NORTHVILLE, MI 48167
PHONE (248) 912-0080
FAX    (248) 912-0208

**PSYCHOLOGY**

December 1ˢᵗ, 2025

RE: Adrienne Rockenhaus
DOB: 08/16/1979

To the Honorable United States District Court,

I am Dr. Robert Garcia, MD, a board-certified psychiatrist practicing in Northville, Michigan. I am currently the treating psychiatrist for Adrienne Rockenhaus, who is under my ongoing care at The Psychiatry & Psychology Center.

Adrienne has a longstanding history of anxiety and trauma-related symptoms, which have been further intensified by recent traumatic experiences. She currently exhibits PTSD-like symptoms including.

- Severe stress responses during conflict or procedural demands
- Difficulty maintaining emotional regulation under pressure
- Episodes of overwhelming anxiety that interfere with her ability to communicate or advocate for herself effectively

These symptoms are chronic, and they are notably exacerbated in high-stakes or adversarial environments such as legal proceedings. Based on my clinical assessment, it is my professional opinion that Adrienne is not able to safely represent herself in a federal civil matter. The stress and demands of self-representation would likely result in significant deterioration of her mental health and could worsen her symptoms.

For these reasons, I recommend that Adrienne be appointed legal counsel to ensure her ability to participate in legal proceedings without undue risk to her mental health.

Sincerely,

Robert Garcia, MD
Diplomate of the American Board of Psychiatry & Neurology
Fellow of the American Psychiatric Association
An affiliate of Henry Ford/Ascension Health Medical Staff

EXHIBIT C



 Gmail

Adrienne Rockenhaus <adrienne@rockenhaus.com>

## BOP withholding life saving medical needs/ life threatening crisis, malicious BOP indifference

**Adrienne Rockenhaus** <adrienne@rockenhaus.com>
To: FCI Milan Support and Advocacy <BOP-RSD-SupportAndAdvocacy-S@bop.gov>
Cc: Kaycee Berente <kaycee_berente@fd.org>

Fri, Dec 12 at 12:05 PM

This inquiry concerns whether my husband,. Conrad Rockenhaus, has received any neurological evaluation, seizure monitoring, or treatment since September 4 following documented head trauma and a seizure. If none has occurred, please confirm that fact. Reliance on general statements of "availability" does not address care actually provided.

Any purported refusal of ROI occurred in the context of TBI, post-seizure confusion, and head trauma, rendering it uninformed and unreliable.

Despite repeated notice of Conrad Rockenhaus's traumatic brain injury, seizure disorder, and post-arrest head trauma, responses from the Bureau of Prisons have relied on procedural language rather than confirming whether any neurological evaluation, seizure monitoring, or treatment has actually occurred. Assertions that care is "available" or that Conrad can "request assistance" do not address whether his documented requests have been answered or whether appropriate medical care is being provided.

Your refusal to engage with humanity over procedure is preserved as part of the record, as continued inaction in the face of known neurological risk places Conrad at ongoing risk of serious harm,, and the BOP is increasing its own liability by the second.

 Gmail

## Prison extortion network targeting outside female/ FCI Milan medical neglect / staff retaliation

**BOP-RSD-SupportAndAdvocacy-S (BOP)** <BOP-RSD-SupportAndAdvocacy-S@bop.gov>
Mon, Dec 15, 2025 at 1:00 PM
To: Adrienne Rockenhaus <adrienne@rockenhaus.com>, "NCR-ExecAssistant-S (BOP)" <NCR-ExecAssistant-S@bop.gov>

Your follow-up correspondence and attachments have been received by our office, December 15, 2025. You expressed, "He has not been evaluated nor treated for this head injury. He is suffering. He is in pain. And he is dying." You further expressed on behalf of your loved one, unsuccessful attempts to access TRULINCS. By way of this email, your correspondence is dispositioned to the North Central Regional office for further review and addressment with the appropriate officials.

The Federal Bureau of Prisons Support Coordinator's office is a *public information*, community engagement, and risk management office. We serve as a navigational source for stakeholders, families of the incarcerate, our employees, and incarcerated individuals to present their concerns or issues to the appropriate internal leadership teams/officials for further review to increase agency responsiveness. We do not replace the roles/functions of institutional or regional staff.

Please be advised, our office submitted prior concerns to the Office of Internal Affairs (OIA) regarding retaliatory staff misconduct and medical negligence allegations, October 8, 2025. Your additional support documentation was also submitted to OIA on October 10, 2025

For more detailed information in alignment with concerns, please see our public website:
- BOP: Community Ties

- pretrial_detention_legal_access_handbook_ENG.pdf

- Program Statement 1315.07, Legal Activities, Inmate

- legal_guide_2025_updated.pdf

- Trust Fund

Mailing Correspondence:
**INMATE NAME & REGISTER NUMBER**
FCI Milan
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MI   48160

As a courtesy, we have attached your email correspondence dated, December 14, 2025.

Respectfully,

Ms. Jackson,
Support Coordinator

---

**From:** Adrienne Rockenhaus <adrienne@rockenhaus.com>
**Sent:** Saturday, December 13, 2025 4:08 PM
**To:** BOP-RSD-SupportAndAdvocacy-S (BOP) <BOP-RSD-SupportAndAdvocacy-S@bop.gov>
**Cc:** Kaycee Berente <kaycee_berente@fd.org>
**Subject:** [EXTERNAL] Prison extortion network targeting outside female/ FCI Milan medical neglect / staff retaliation

BOP Advocacy: Urgent: I am writing to document and request immediate attention to serious and ongoing communication and safety issues affecting my husband, Conrad Rockenhaus (Reg. No. 39400-480), currently housed at FCI Milan.

I have not been able to communicate with Mr. Rockenhaus for over a week. One of our communications was abruptly cut off, and subsequent attempts to communicate via TRULINCS have been unsuccessful. Given Mr. Rockenhaus's documented neurological condition and seizure disorder, the sudden loss of contact raises legitimate safety concerns.

My husband was beaten in the head by US marshals on September 4, the day of his arrest And suffered a grand mal seizure in court later that day as a result of the injury. He has not been evaluated nor treated for this head injury. He is suffering. He is in pain. And he is dying.

These issues are not isolated. As documented in prior filings (6th circuit court motions attached) and correspondence already in the BOP record, Mr. Rockenhaus previously experienced a sudden TRULINCS compromise that terminated active communication, and created severe danger for me. My attempts to raise concerns were followed by retaliatory consequences directly from FCI Milan staff. I am referencing that documented incident here to underscore that communication disruption has occurred before and was not benign.

During this current period of lost communication, I was subjected to an attempted financial extortion via Cash App referencing my inability to reach my husband. I did not comply. I am documenting this because loss of communication creates vulnerability, and the pattern of disrupted access materially increases risk to both Mr. Rockenhaus and me.

Important safety request:

Please DO NOT forward this correspondence to FCI Milan staff or otherwise disclose my report to the institution. Prior instances in which concerns were routed to the facility were followed by immediate adverse retaliatory consequences, and I am requesting that this matter be handled within BOP Advocacy channels only, and escalated to someone who will actually intervene. I am a private citizen with no criminal record, and a woman acting as next friend; preserving confidentiality is necessary to prevent further retaliation and to protect my personal safety.

This message is not a general complaint. It is a request for confirmation and accountability regarding the following:

1. Whether Mr. Rockenhaus currently has full and functional access to TRULINCS and approved communications, and that it is not compromised by prison staff or other inmates.

2. Whether any restrictions, suspensions, or technical issues have affected his communications in the past two weeks.

3. What steps are being taken to ensure uninterrupted access to counsel and family, particularly in light of his medical risk profile.

Given the totality of circumstances already documented in court filings and prior correspondence, loss of communication itself constitutes a safety issue.

I also need to bring up that I have been mailing my husband legal documents that are necessary for him to participate in his legal defense. He has not received a single one of these documents, prison staff is deliberately

withholding them. Furthermore, friends and family have tried to send books, letters, etc. that are not being received or even sent back to the original sender.

Please confirm receipt of this message and advise what actions are being taken.

This correspondence is being preserved as part of the ongoing record.

Thank you,

Adrienne Rockenhaus

Spouse and Next Friend for Conrad Rockenhaus


DO NOT FORWARD THIS MESSAGE TO FCI MILAN.

When prior communications were routed back to the facility, violent retaliation followed. This is a well documented, continuous pattern that exists in multiple court records. This request is for immediate safety and life-threatening medical urgency.

My husband, Conrad Rockenhaus (Register No. 39400-480), is in immediate, life-threatening danger, and his medical needs are being lethally ignored by FCI Milan.

IMPORTANT CONTEXT. PLEASE READ:

There is active federal civil litigation already pending regarding these events. Individual federal officers and U.S. Marshals are already named as defendants for violent conduct and related violations.

This email is sent to place additional officials on notice of ongoing violent retaliation, extortion, and life-threatening medical neglect so the court record accurately reflects what was known, by whom, and when.

I am filing documents with federal court tomorrow.

What happens or does not happen between now and then matters.

Please respond in writing by 12:00 PM ET on December 15.

This email and any response, or lack of response, will be filed in the active public court record.

1) VIOLENT EXTORTION

I was contacted by individuals claiming to be related to incarcerated parties at FCI Milan demanding money through Cash App and threatening to harm my husband if I did not pay.

They referenced my home address.

QUESTION: What is being done right now to investigate and stop inmate extortion targeting family members and to prevent further threats?

2) COMMUNICATION CUT OFF DURING THREATS

At the same time these threats began, my husband's mail and email were blocked.

He has a traumatic brain injury and a seizure disorder.

QUESTION: Why were his communications blocked during an active threat period, and how is he supposed to report danger while silenced?

3) VIOLENT RETALIATION AND SAFETY

I have received reports that staff conduct toward my husband has escalated and that he has been marked for harm, encouraging inmate violence.

QUESTION: What safety review or investigation is being initiated immediately to prevent further harm?

Case 2:25-cv-12746-JJCJ Doc # 1 filed 12/04/25 page 55 of 61

## 4) LIFE-THREATENING MEDICAL NEGLECT

On September 4, my husband was violently beaten in the head by U.S. Marshals and suffered a seizure later that day. He was removed from the hospital against the treating physician's medical advice while unconscious after head trauma.

Since arriving at FCI Milan:

* He has not been seen by a neurologist

* His seizure medication was reduced

* He continues to have increased, daily seizures

* He is in severe pain and confusion

He is experiencing uncontrolled seizures, severe pain, and acute neurological decline, creating an imminent risk of serious bodily harm or death.

QUESTION: Why has he not received neurological evaluation and proper seizure management, and what medical care is in place right now?

## 5) FAILURE TO TRANSFER TO APPROPRIATE CARE

FCI Milan cannot treat complex neurological injury.

He is a 100% service-connected disabled veteran with a documented traumatic brain injury that was severely exacerbated by the September 4 violence. The facility has not provided neurological care.

QUESTION: Why has he not been transferred to a VA Medical Center or another appropriate medical facility, and what is the plan to obtain immediate neurological examination and treatment at the VA facility today?

This email documents violent retaliation, extortion, medical neglect, and immediate risk of serious bodily harm or death and is sent so the record reflects that these conditions were raised before further harm.

Again: Please respond to all questions in writing by 12:00 PM ET on December 15.

Your response, or your failure to respond, will be documented in the active, public court record.

Act now to prevent harm. If nothing is done after this notice, that inaction will be documented in the public court record.

Adrienne Rockenhaus - Wife, POA, Representative Payee, Federally Appointed Caregiver, and Next Friend for Conrad Rockenhaus

 Gmail

Adrienne Rockenhaus <adrienne@rockenhaus.com>

---

**DO NOT FORWARD.TO FCI MILAN: Active Civil Litigation; Violent Retaliation, Medical Neglect, Extortion, and Life-Threatening Danger (Rockenhaus 39400-480)**

---

**Adrienne Rockenhaus** <adrienne@rockenhaus.com>                                    Sun, Dec 14 at 9:41 PM
To: FCI Milan Support and Advocacy <BOP-RSD-SupportAndAdvocacy-S@bop.gov>
Cc: Kaycee Berente <kaycee_berente@fd.org>
Bcc: Adrienne Rockenhaus <spiked.koolade@gmail.com>


DO NOT FORWARD THIS MESSAGE TO FCI MILAN.

When prior communications were routed back to the facility, violent retaliation followed. This is a well documented, continuous pattern that exists in multiple court records. This request is for immediate safety and life-threatening medical urgency.

My husband, Conrad Rockenhaus (Register No. 39400-480), is in immediate, life-threatening danger, and his medical needs are being lethally ignored by FCI Milan.

IMPORTANT CONTEXT. PLEASE READ:

There is active federal civil litigation already pending regarding these events. Individual federal officers and U.S. Marshals are already named as defendants for violent conduct and related violations.

This email is sent to place additional officials on notice of ongoing violent retaliation, extortion, and life-threatening medical neglect so the court record accurately reflects what was known, by whom, and when.

I am filing documents with federal court tomorrow.

What happens or does not happen between now and then matters.

Please respond in writing by 12:00 PM ET on December 15.

This email and any response, or lack of response, will be filed in the active public court record.

1) VIOLENT EXTORTION

I was contacted by individuals claiming to be related to incarcerated parties at FCI Milan demanding money through Cash App and threatening to harm my husband if I did not pay.

They referenced my home address.

QUESTION: What is being done right now to investigate and stop inmate extortion targeting family members and to prevent further threats?

2) COMMUNICATION CUT OFF DURING THREATS

At the same time these threats began, my husband's mail and email were blocked.

He has a traumatic brain injury and a seizure disorder.

QUESTION: Why were his communications blocked during an active threat period, and how is he supposed to report danger while silenced?

3) VIOLENT RETALIATION AND SAFETY

I have received reports that staff conduct toward my husband has escalated and that he has been marked for harm, encouraging inmate violence.

QUESTION: What safety review or investigation is being initiated immediately to prevent further harm?

4) LIFE-THREATENING MEDICAL NEGLECT

On September 4, my husband was violently beaten in the head by U.S. Marshals and suffered a seizure later that day. He was removed from the hospital against the treating physician's medical advice while unconscious after head trauma.

Since arriving at FCI Milan:

* He has not been seen by a neurologist

* His seizure medication was reduced

* He continues to have increased, daily seizures

* He is in severe pain and confusion

He is experiencing uncontrolled seizures, severe pain, and acute neurological decline, creating an imminent risk of serious bodily harm or death.

QUESTION: Why has he not received neurological evaluation and proper seizure management, and what medical care is in place right now?

5) FAILURE TO TRANSFER TO APPROPRIATE CARE

FCI Milan cannot treat complex neurological injury.

He is a 100% service-connected disabled veteran with a documented traumatic brain injury that was severely exacerbated by the September 4 violence. The facility has not provided neurological care.

QUESTION: Why has he not been transferred to a VA Medical Center or another appropriate medical facility, and what is the plan to obtain immediate neurological examination and treatment at the VA facility today?

This email documents violent retaliation, extortion, medical neglect, and immediate risk of serious bodily harm or death and is sent so the record reflects that these conditions were raised before further harm.

Again: Please respond to all questions in writing by 12:00 PM ET on December 15.

Your response, or your failure to respond, will be documented in the active, public court record.

Act now to prevent harm. If nothing is done after this notice, that inaction will be documented in the public court record.

Adrienne Rockenhaus - Wife, POA, Representative Payee, Federally Appointed Caregiver, and Next Friend for Conrad Rockenhaus

 Gmail

**Adrienne Rockenhaus <adrienne@rockenhaus.com>**

---

## DO NOT FORWARD.TO FCI MILAN: Active Civil Litigation; Violent Retaliation, Medical Neglect, Extortion, and Life-Threatening Danger (Rockenhaus 39400-480)

**Adrienne Rockenhaus** <adrienne@rockenhaus.com>                    Sun, Dec 14 at 9:41PM
To: FCI Milan Support and Advocacy <BOP-RSD-SupportAndAdvocacy-S@bop.gov>
Cc: Kaycee Berente <kaycee_berente@fd.org>


DO NOT FORWARD THIS MESSAGE TO FCI MILAN.

When prior communications were routed back to the facility, violent retaliation followed. This is a well documented, continuous pattern that exists in multiple court records. This request is for immediate safety and life-threatening medical urgency.

My husband, Conrad Rockenhaus (Register No. 39400-480), is in immediate, life-threatening danger, and his medical needs are being lethally ignored by FCI Milan.

IMPORTANT CONTEXT. PLEASE READ:

There is active federal civil litigation already pending regarding these events. Individual federal officers and U.S. Marshals are already named as defendants for violent conduct and related violations.

This email is sent to place additional officials on notice of ongoing violent retaliation, extortion, and life-threatening medical neglect so the court record accurately reflects what was known, by whom, and when.

I am filing documents with federal court tomorrow.

What happens or does not happen between now and then matters.

Please respond in writing by 12:00 PM ET on December 15.

This email and any response, or lack of response, will be filed in the active public court record.

1) VIOLENT EXTORTION

I was contacted by individuals claiming to be related to incarcerated parties at FCI Milan demanding money through Cash App and threatening to harm my husband if I did not pay.

They referenced my home address.

QUESTION: What is being done right now to investigate and stop inmate extortion targeting family members and to prevent further threats?

2) COMMUNICATION CUT OFF DURING THREATS

At the same time these threats began, my husband's mail and email were blocked.

He has a traumatic brain injury and a seizure disorder.

QUESTION: Why were his communications blocked during an active threat period, and how is he supposed to report danger while silenced?

3) VIOLENT RETALIATION AND SAFETY

I have received reports that staff conduct toward my husband has escalated and that he has been marked for harm, encouraging inmate violence.

QUESTION: What safety review or investigation is being initiated immediately to prevent further harm?

4) LIFE-THREATENING MEDICAL NEGLECT

On September 4, my husband was violently beaten in the head by U.S. Marshals and suffered a seizure later that day. He was removed from the hospital against the treating physician's medical advice while unconscious after head trauma.

Since arriving at FCI Milan:

* He has not been seen by a neurologist

* His seizure medication was reduced

* He continues to have increased, daily seizures

* He is in severe pain and confusion

He is experiencing uncontrolled seizures, severe pain, and acute neurological decline, creating an imminent risk of serious bodily harm or death.

QUESTION: Why has he not received neurological evaluation and proper seizure management, and what medical care is in place right now?

5) FAILURE TO TRANSFER TO APPROPRIATE CARE

FCI Milan cannot treat complex neurological injury.

He is a 100% service-connected disabled veteran with a documented traumatic brain injury that was severely exacerbated by the September 4 violence. The facility has not provided neurological care.

QUESTION: Why has he not been transferred to a VA Medical Center or another appropriate medical facility, and what is the plan to obtain immediate neurological examination and treatment at the VA facility today?

This email documents violent retaliation, extortion, medical neglect, and immediate risk of serious bodily harm or death and is sent so the record reflects that these conditions were raised before further harm.

Again: Please respond to all questions in writing by 12:00 PM ET on December 15.

Your response, or your failure to respond, will be documented in the active, public court record.

Act now to prevent harm. If nothing is done after this notice, that inaction will be documented in the public court record.

Adrienne Rockenhaus - Wife, POA, Representative Payee, Federally Appointed Caregiver, and Next Friend for Conrad Rockenhaus

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2025, I served a copy of the foregoing MOTION TO PROCEED AS NEXT FRIEND, OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 9), AND REQUEST FOR STAY OF PROCEEDINGS, together with all exhibits, upon the following Defendants by depositing a true and correct copy in the United States Mail, first-class postage prepaid, addressed as follows:

CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, I served a copy of the foregoing MOTION TO PROCEED AS NEXT FRIEND, OBJECTIONS TO REPORT AND RECOMMENDATION, AND REQUEST FOR STAY OF PROCEEDINGS upon the following counsel for Defendants via U.S. First Class Mail:

Benjamin A. Anchill

U.S. Attorney's Office, E.D. Michigan

211 W. Fort St., Suite 2001

Detroit, MI 48226

Respectfully submitted,

/s/ Adrienne Rockenhaus

Stylianos Agapiou

U.S. Probation Officer

United States Probation Office

Eastern District of Michigan

P.O. Box 8289

Ann Arbor, Michigan 48104

Jeffry W. Konal

U.S. Probation Officer

United States Probation Office

Eastern District of Michigan

211 W. Fort Street

Detroit, MI 48226

Dion Thomas

U.S. Probation Officer

United States Probation Office

Eastern District of Michigan

211 W. Fort Street

Detroit, MI 48226

/s/ Adrienne Rockenhaus

Adrienne Rockenhaus
Next Friend for Conrad Rockenhaus
35560 Grand River Ave, Unit 244
Farmington Hills, MI 48335
adrienne@rockenhaus.com