UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONRAD ROCKENHAUS and ADRIENNE
ROCKENHAUS,

    Plaintiffs,                                                        Hon. Jane M. Beckering

v.                                                                       Case No. 2:25-cv-12716

STYLIANOS AGAPIOU, et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on Plaintiff Adrienne Rockenhaus's Notice of Inability to Comply with Consolidation Order, Assertion of Plaintiff Status, and Conditional Motion for Appointment of Counsel. (ECF No. 19). Plaintiff raises several issues in her filing, which are addressed below.

    **I.**    **Notice of Inability to Comply and Request for Accommodation**

Plaintiff first asserts that due to her PTSD symptoms, which are "notably exacerbated in high-stakes or adversarial environments such as legal proceedings," she is unable to comply with the Court's prior directive in the January 8, 2026 Order (ECF No. 17) to file a single consolidated complaint in this action within 14 days. (ECF No. 19 at PageID.109–110.) She therefore requests an accommodation—being appointment of counsel—which she asserts the Court is "required to provide" under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). (*Id.*) Contrary to Plaintiff's assertion, the Court is not required to provide accommodations under the ADA because that statute does not apply to federal courts. *See Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) ("While the Americans with Disabilities Act (ADA)

requires state courts to make disability accommodations, the ADA does not apply to federal courts.") (citing 42 U.S.C. § 12131(1)(A)); *Zang v. Zang*, Nos. 1:11-cv-884, 1:12-cv-629, 2013 WL 4777092, at *2 (S.D. Ohio Sept. 5, 2013) (stating that "federal courts do not fall within the definition of a covered 'public entity' . . . and are exempt from its provisions") (citing 42 U.S.C. § 12131). The same is true of the RA. *See Anders v. South Carolina*, No. 2:24-cv-6311, 2025 WL 1169191, at *5 (D.S.C. Mar. 31, 2025) ("[T]he Rehabilitation Act also does not apply to federal courts"); *Stanek v. Saint Charles Cmty. Unit Sch. Dist. #303*, No. 13-cv-3106, 2020 WL 9348202, at *2 (N.D. Ill. May 26, 2020) (holding that the RA "does not apply to federal courts") (citing *Torrence v. U.S. Bankruptcy Court for the N.D. Ill.*, Case No. 17 C 3120, 2017 WL 3593116, at *4 (N.D. Ill. Aug. 21, 2017) ("Similarly, the Rehabilitation Act does not apply to the federal courts: it only covers Executive agencies, the United States Postal Service, and certain categories of programs and activities receiving Federal funding.")); *Snider v. Pennsylvania Dep't of Corrs.*, Nos. 15-951 & 18-801, 2020 WL 211407, at *8 (M.D. Pa. Jan. 13, 2020) (stating that "the Rehabilitation Act does not apply to the District Courts").

While pro se litigants such as Plaintiff are given some leniency, they are expected to comply with the applicable rules and orders of the Court. *Simmons v. City of Detroit*, No. 18-13813, 2021 WL 299872, at *2 (E.D. Mich. Jan. 7, 2021), *report and recommendation adopted*, 2021 WL 289539 (E.D. Mich. Jan. 28, 2021); *see also Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("Yet, while we give pro se litigants a certain amount of leeway in prosecuting their cases . . . they are not excused from complying with the applicable Court Rules, and they are certainly expected to comply fully with the Court's orders."). Plaintiff elected to initiate this action pro se and, despite her circumstances, is expected to prosecute the litigation just like any represented party.

Plaintiff also argues that it is impossible for her to consolidate her complaint with that of her co-Plaintiff husband because he is presently incarcerated in solitary confinement and incapable of drafting complex pleadings. (*Id.* at PageID.110–11.) The Court's order does not require complex pleadings; it merely requires the parties to consolidate their existing complaints. Nothing in the order requires Plaintiff to amend her complaint to join approximately 20 additional federal defendants, as she suggests. She need only combine the two previously-filed complaints into one document and file it with the Court with both plaintiffs' signatures.

In any event, given the circumstances, the Court **GRANTS** Plaintiff an extension of **30 days**, which should provide Plaintiffs sufficient time to submit the required consolidated complaint. If Plaintiffs encounter obstacles, including because of Mr. Rockenhaus's incarceration, and require more time, they may file a motion for extension of time.

## II.     Appointment of Counsel

As for Plaintiff's request for counsel, there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). The decision to grant such a request is discretionary and is generally allowed only in exceptional cases. *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993) (the decision to deny a civil litigant's request for counsel will be overturned only when the denial of counsel results in "fundamental unfairness impinging on due process rights").

When examining requests such as this, courts have generally considered factors such as: (1) whether the action presents a colorable claim for relief, (2) the litigant's ability to investigate crucial facts, (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel, (4) the ability of the litigant to present her

3

case, and (5) the complexity of the legal issues presented. *See McKeever v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982); *Lavado*, 992 F.2d at 605-06. At this early stage, the Court finds absent the factors warranting the appointment of counsel. Outside of the most exceptional cases, courts generally do not appoint counsel until after motions to dismiss or for summary judgment are decided. *See Griffin v. Klee*, No. 2:14-CV-14290, 2015 WL 3407919, at *1 (E.D. Mich. May 27, 2015); *Sigers v. Bailey*, No. 08-13298, 2009 WL 1617862, at *1 (E.D. Mich. June 9, 2009); *Burns v. Brewer*, No. CV 18-10937, 2019 WL 13368510, at *1 (E.D. Mich. Apr. 10, 2019) ("In keeping with this policy, this Court almost always denies motions for appointment of counsel until after dispositive motions are decided."). Thus, this request is **DENIED**.

### III.     Recusal, Transfer, and Stay

Last, Plaintiff requests that the undersigned and the district judge assigned to this matter recuse, that the case be transferred outside of the State of Michigan to an impartial district, and that all deadlines be stayed.

First, Plaintiff fails to demonstrate a basis for recusal under 28 U.S.C. § 144. Plaintiff has not made the required showing for recusal or disqualification. *See Liteky v. United States*, 510 U.S. 540, 551, 555 (1994). Plaintiff has not identified any extrajudicial source of the alleged bias.

Moreover, unfavorable rulings "almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. Here, there have not even been any particularly unfavorable rulings. Consolidating the cases has not "silence[d]" Plaintiff (*id.* at PageID.114), as she is free to litigate her claims in this action. Rather, she is now able to file as a co-plaintiff, where before she could not file in her husband's case, although he must still sign his filings. Plaintiff further suggests that the Court struck "valid evidence regarding torture," but the case is only at the pleadings stage. The only motion that has been stricken was a motion to proceed as next friend that, as explained in

ECF No. 11, she could not file on her husband's behalf. Even the Report and Recommendation to Dismiss only required the filing of an application for filing in forma pauperis on a particular form (which is a basic statement regarding financial information that does not require notarization).

For the same reasons, Plaintiff fails to demonstrate a proper basis for transferring venue to another district, particularly when all of the events occurred in the Eastern District and all parties reside there.

Last, in light of the extension granted above, the Court finds no persuasive reason to stay any pending deadline in the case. As noted above, Plaintiff may request a further extension if circumstances warrant.

    **IT IS SO ORDERED**.

DATE: January 16, 2026                                                    /s/ Sally J. Berens  
                                                                                          SALLY J. BERENS  
                                                                                         U.S. Magistrate Judge