UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

CONRAD ROCKENHAUS,

ADRIENNE ROCKENHAUS,

35560 Grand River Ave 244

Farmington Hills, MI 48335

Plaintiffs,

v.

STYLIANOS AGAPIOU, et al.,

Defendants.

Case No.: 2:25-cv-12716 (Lead Case)

Hon. Jane M. Beckering

Magistrate Judge Sally J. Berens

**PLAINTIFF ADRIENNE ROCKENHAUS'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER (ECF No. 20) PURSUANT TO FED. R. CIV. P. 72(a)**

NOW COMES Plaintiff Adrienne Rockenhaus, pursuant to Fed. R. Civ. P. 72(a), OBJECTING to the Magistrate Judge's Order dated January 16, 2026 (ECF No. 20). The Order is clearly erroneous, contrary to law, and **places**

**Plaintiffs in immediate danger by sanitizing the record of fraud, violence, and judicial conflict.**

**1. STRUCTURAL ERROR: THE MAGISTRATE LACKED AUTHORITY**

Magistrate Judge Berens committed reversible error by ruling on the motion to disqualify District Judge Jane M. Beckering. A Magistrate Judge does not have the statutory authority to determine the ethical disqualification of an Article III District Judge under 28 U.S.C. § 455. This motion was required to be heard and decided by the District Judge herself. By intercepting and denying this motion, **the Magistrate Judge improperly shielded the District Judge from addressing a mandatory disqualification on the record.**

**2. FACTUAL ERROR: THE "EXTRAJUDICIAL SOURCE" OF BIAS**

The Order (ECF No. 20) states: "Plaintiff has not identified any extrajudicial source of the alleged bias." This is factually false. **The extrajudicial source is the District Judge's spouse.**

District Judge Jane M. Beckering is married to Raymond E. Beckering III, the Criminal Health Care Fraud Coordinator for the U.S. Attorney's Office in the Western District of Michigan (See *Exhibit D*).

## 3. MANDATORY DISQUALIFICATION UNDER 28 U.S.C. § 455(b)(5)(iii)

This lawsuit alleges systemic Health Care Fraud and falsification of medical records by federal employees at FCI Milan.

- The Conflict: The District Judge's husband is the specific federal prosecutor responsible for coordinating Health Care Fraud enforcement in this jurisdiction.
- The Interest: He has a "substantially affected interest" in the outcome because a judicial finding of massive medical fraud at FCI Milan directly implicates the failure of his specific unit to investigate or prosecute it.
- The Law: **Recusal is mandatory** when a spouse has an interest that could be substantially affected by the outcome. 28 U.S.C. § 455(b)(5)(iii).
- Preemptive Rebuttal: The Court cannot evade this statute by claiming Mr. Beckering has not "entered an appearance" on the docket. **The statute disqualifies based on interest, not just appearance.** As the Coordinator of Health Care Fraud prosecutions, his reputational and professional interest is implicated by allegations of

systemic health care fraud by federal employees in his district, regardless of whose signature is on the defense motion.

## 4. THE ORDER SANITIZES THE RECORD AND ENDANGERS PLAINTIFFS

The Magistrate's Order creates a false narrative by ignoring critical evidence already present in the record:

- **Judge Shopping Was Suppressed:** In ECF No. 19, **Exhibit B**, Plaintiff provided the Illegal State Warrant proving U.S. Marshals bypassed the Federal Court to obtain a state warrant for a federal raid. The Magistrate's Order ignored this exhibit entirely. By burying this evidence, **the Court is protecting Defendants who operated outside federal jurisdiction to inflict violence.**

- **Torture Was Minimized:** The Order reduces Co-Plaintiff Conrad Rockenhaus's Traumatic Brain Injury (TBI) and seizures to mere "incarceration." He is dying from lack of neurological care and being tortured. **Ignoring this medical reality denies him access to the Court and constitutes judicial ratification of medical neglect.**

- **Safety Threat to Plaintiff:** By dismissing the need to add the 20+ additional defendants (Marshals/Warden), **the Magistrate is**

**effectively protecting the very individuals who are currently hunting and terrorizing Plaintiff Adrienne Rockenhaus.** The Court is on formal notice: its procedural delays are placing Plaintiffs in immediate life-threatening danger.

- **THE COURT IS TORTURING A 100% DISABLED COMBAT ACTION RIBBON AWARDED VETERAN:** The Defendants' actions are not merely procedural errors; they are acts of cruelty against a decorated veteran whom the government has already broken. Conrad Rockenhaus is rated 100% permanently disabled by the Department of Veterans Affairs for service-connected injuries sustained in the line of duty. His disability is not theoretical; it is catastrophic. **He suffers from a Traumatic Brain Injury (TBI) with memory loss, a Seizure Disorder (Epilepsy) requiring continuous medication, and severe PTSD.** The VA has certified him as "Housebound" due to the severity of these neurological injuries. Yet, this Court is allowing the very government that broke him to withhold his proper anti-seizure medication, deny him neurological care, and torture him in solitary confinement. To demand that a man with documented "cognitive impairment," "memory loss," and "uncontrolled seizures" draft complex legal

pleadings from a segregation cell is not due process, ***it is a death sentence.***

## 5. THE 30-DAY DEADLINE IS IMPOSSIBLE AND UNJUST

The Magistrate granted a 30-day extension. This is insufficient and legally prejudicial.

- **Incarceration:** Co-Plaintiff Conrad Rockenhaus is currently incarcerated, with an anticipated release date of March 2, 2026.
- **Incapacity:** He is suffering from untreated Traumatic Brain Injury (TBI) and seizures **caused by the Defendants**. He cannot meaningfully participate in drafting complex pleadings while in the custody of his abusers and without neurological care.
- **The Trap:** Forcing Plaintiffs to file a Consolidated Complaint before Mr. Rockenhaus is released and medically stabilized ensures the complaint will be defective.

## RELIEF REQUESTED

Plaintiff demands that District Judge Jane M. Beckering:

1. REVIEW these Objections **personally** as required by Rule 72(a);
2. SET ASIDE the Magistrate's denial of recusal and DISQUALIFY herself immediately; and

3. STAY all deadlines until 30 days after Co-Plaintiff Conrad Rockenhaus is released from custody and medically stabilized.

Respectfully Submitted,

*/s/ A. Rockenhaus*

Adrienne Rockenhaus

Plaintiff Pro Se

35560 Grand River Ave #244

Farmington Hills, MI 48335

adrienne@rockenhaus.com

734-585-6277

Dated: January 16, 2026

## INDEX OF EXHIBITS

- **Exhibit C:** Administrative Order No. 21-CA-088 (The Recusal Order).

- **Exhibit D:** Raymond Beckering III Bio (Proof of Title).

- **Exhibit E:** VA Rating Decision, Page 1 (Proof of 100% Disability/Seizures).

- **Exhibit F:** DD214 Snippet (Proof of Combat Action Ribbon).

*EXHIBIT C*

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:  THE MATTER OF AUTOMATIC
JUDICIAL DISQUALIFICATION OF
JUDGE JANE M. BECKERING FROM                    Administrative Order
CERTAIN CASES                                   No. 21-CA-088
_____/

WHEREAS, Honorable Jane M. Beckering has taken the oath of office as a United States District Judge for this District; and

WHEREAS an orderly transition is in the interest of the Court and all litigants;

NOW, THEREFORE, IT IS ORDERED as follows:

The Clerk's Office shall automatically disqualify Judge Beckering from all case assignments in which any of the following have entered an appearance as counsel in any capacity:

    A. Raymond E. Beckering, III, Western District of Michigan Assistant United States Attorney; and

    B. An attorney, including without limitation Robert J. Buchanan, with the law firm of Buchanan & Beckering; Buchanan & Buchanan; or; the Buchanan Firm, all of Grand Rapids, Michigan.

IT IS SO ORDERED.

FOR THE COURT:

Dated:   December 30, 2021

ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE

*EXHIBIT D*

home > about us > contributor directory > raymond e. beckering, iii

CONTRIBUTOR DIRECTORY

# Raymond E. Beckering, III



U.S. Attorney's Office - Western District of Michigan
Grand Rapids, Michigan

Raymond E. Beckering III is an assistant U.S. attorney for the Western District of Michigan, where he has served as the criminal health care fraud coordinator since 2006. He previously prosecuted drug trafficking cases. Before joining the Department of Justice, Mr. Beckering was a criminal defense attorney handling a variety of state and federal matters including health care fraud. He received both his undergraduate and law degrees from the University of Michigan.

| NEED HELP? | ICLE INFO | POLICIES | HELP ICLE HELP YOU | CONTACT US |
|---|---|---|---|---|
| Username or password | What we do | Terms and conditions | Give us feedback | 1020 Greene Street |
| ICLE's website on mobile devices | Who we are | Quality assurance | Suggest a topic | Ann Arbor, MI 48109-1444 |
| Online purchasing | Contributor directory | Privacy statement and disclaimer | Become a contributor | 877-229-4350 \| 734-764-9533 |
| More help | | | | icle@umich.edu |
| | | | | M-F 8am-5pm |



© 2026 by the Institute of Continuing Legal Education

1/16/26, 2:06 PM    Western District of Michigan | Owner Of South Haven Home Health Care Company Sentenced To Five Years Of Prison For Health Care Fraud | U…

Case 2:25-cv-12716-JMB-SJB ECF No. 21, PageID.141 Filed 01/16/26 Page 13 of 19



**PRESS RELEASE**

# Owner Of South Haven Home Health Care Company Sentenced To Five Years Of Prison For Health Care Fraud

Wednesday, February 10, 2021

**For Immediate Release**

U.S. Attorney's Office, Western District of Michigan

**GRAND RAPIDS, MICHIGAN** – U.S. Attorney Andrew Birge announced today that Kenneth Nash, the owner of a South Haven home health agency, was sentenced to sixty-three months in federal prison. Nash pled guilty to health care fraud on October 28, 2020, admitting that his company, Universal Home Health Care, submitted claims for home health services totaling more than $750,000 when no physician had approved the services but, instead, employees forged physician signatures at Nash's direction and with his knowledge. The federal investigation further revealed that Universal also billed Medicare for services that were not provided and that were medically unnecessary, as some of the patients were not homebound. At the sentencing hearing in Kalamazoo, Michigan, United States District Judge Paul L. Maloney also imposed three years of supervised release following imprisonment and a restitution order of $755,628.52.

Upon the execution of federal search and seizure warrants in June of 2018, Nash closed the business and forfeited two Mercedes Benzes, a Land Rover, an Aston Martin, a Jaguar convertible, and a motorhome that had been purchased with proceeds from the fraud. In imposing a sentencing at the high end of the sentencing guidelines, Judge Maloney noted that Nash had a history of prior fraud convictions, that this offense involved a large loss to a

1/16/26, 2:06 PM                    Owner Of South Haven Home Health Care Company Sentenced To 15 Years Of Prison For Health Care Fraud | U…

Case 2:25-cv-12716-JMB-SJB ECF No. 21, PageID.142 Filed 01/16/26 Page 14 of 19

government program, and that other health care providers needed to be deterred from defrauding Medicare.

U.S. Attorney Andrew Birge noted that "This sentence should serve as a warning to others in the health care industry that fraudulent billing has significant consequences. Mr. Nash has had to give up all he gained from his scheme and now his freedom as well."

"Healthcare fraud is not a victimless crime," said Lamont Pugh III, U.S. Department of Health & Human Services, Office of Inspector General – Chicago Region. "Medically unnecessary services can adversely impact a patient's well-being and false and/or fraudulent billings waste limited tax-payer dollars that support federally funded programs such as Medicare and Medicaid. The OIG will continue to work to identify, investigate and hold accountable those who choose to engage in these criminal acts."

"This sentence sends an unambiguous message that those who cheat Medicare will be held accountable," said Timothy Waters, Special Agent in Charge of the FBI in Michigan. "These taxpayer-funded programs are designed to provide essential medical services to the elderly, not to enrich corrupt health care professionals and other fraudsters."

The investigation was conducted by the U.S. Department of Health and Human Services, Office of Inspector General, the Federal Bureau of Investigation, and the U.S. Attorney's Office for the Western District of Michigan. Assistant U.S. Attorney Raymond E. Beckering III represented the United States.

Health care fraud costs all taxpayers and can be associated with harm to patients. You can report suspected health care fraud at https://tips.oig.hhs.gov/ or by calling the U.S. Attorney's Office at (616) 456-2404 and requesting to speak with a health care fraud investigator.

###

Updated February 12, 2021

## Topic

**HEALTH CARE FRAUD**

**Component**

USAO - Michigan, Western

*EXHIBIT E*



**DEPARTMENT OF VETERANS AFFAIRS**
Veterans Benefits Administration
Regional Office


Conrad ROCKENHAUS

VA File Number
571 95 1923

Represented By:
DISABLED AMERICAN VETERANS
Rating Decision
09/19/2017

## INTRODUCTION

The records reflect that you are a veteran of the Gulf War Era. You served in the Navy from December 18, 2003, to February 25, 2015. You filed a claim for increased evaluation that was received on August 8, 2017. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

## DECISION

1. Service connection for residuals, left knee meniscal tear status post meniscectomy and patellofemoral ligament release (claimed as painful joints bilateral knees) is granted with an evaluation of 10 percent effective February 26, 2015.

2. Service connection for residual surgical scar, left knee (claimed as scars of extremities and trunk) is granted with an evaluation of 0 percent effective February 26, 2015.

3. Service connection for seizure disorder is granted with an evaluation of 100 percent effective February 26, 2015.

*EXHIBIT F*

XX

| | i. E |
|---|---|
| **13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED** *(All periods of service)* GLOBAL WAR ON TERRORISM SERVICE MEDAL, GLOBAL WAR ON TERRORISM EXPEDITIONARY MEDAL, ARMED FORCES RESERVE MEDAL, KOSOVO CAMPAIGN MEDAL, NAVY/ MARINE CORPS ACHIEVEMENT MEDAL, LETTER OF COMMENDATION FLAG, COMBAT ACTION RIBBON/XX | 14. REC 3WF APR AUG X XX |
| **15a. COMMISSIONED THROUGH SERVICE ACADEMY** | |

**CERTIFICATE OF SERVICE**

I hereby certify that on Jan 16, I served a copy of the foregoing:

**PLAINTIFF ADRIENNE ROCKENHAUS'S NOTICE OF INABILITY TO COMPLY WITH CONSOLIDATION ORDER, ASSERTION OF PLAINTIFF STATUS, AND CONDITIONAL MOTION FOR APPOINTMENT OF COUNSEL (together with Exhibits A and B)**

Upon the following counsel and Defendants via U.S. Mail:

**Benjamin A. Anchill**
U.S. Attorney's Office, E.D. Michigan
211 W. Fort St., Suite 2001
Detroit, MI 48226

**Jeffry W. Konal**
Supervisory U.S. Probation Officer
231 W. Lafayette Blvd.
Detroit, MI 48226

**Dion Thomas**
Deputy Chief U.S. Probation Officer
231 W. Lafayette Blvd.
Detroit, MI 48226

**Stylianos Agapiou**
U.S. Probation Officer
P.O. Box 8289
Ann Arbor, MI 48104


Respectfully Submitted,

*/s/ A. Rockenhaus*

Adrienne Rockenhaus | Plaintiff Pro Se
734-585-6277 | adrienne@rockenhaus.com

35560 Grand River Ave 244 | Farmington Hills, MI 48335