UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CONRAD ROCKENHAUS, et al.,

    Plaintiffs,

                               Case No. 2:25-cv-12716

v.

                               HON. JANE M. BECKERING

STYLIANOS AGAPIOU, et al.,

    Defendants.

_____/


**MEMORANDUM OPINION AND ORDER**

    This is a pro se civil rights action alleging violations of federal constitutional rights. Pending before the Court is Plaintiff Adrienne Rockensaus's Appeal to District Judge (ECF No. 21) from a January 16, 2026 pretrial Order of the Magistrate Judge denying Plaintiff's motion for appointment of counsel, motion for recusal, transfer, or stay, and motion for other miscellaneous relief (Order, ECF No. 20). *See generally* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a) (Nondispositive Matters). The Court has carefully reviewed Plaintiff's submission, along with relevant authorities, and the Court concludes that Plaintiff's arguments lack merit for the reasons stated below.

    "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions. 28 U.S.C. § 636(b)(1)(A). "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." FED. R. CIV. P. 72(a) (Nondispositive

Matters).  "A party may serve and file objections to the order within 14 days after being served with a copy."  *Id.*  "Any party may respond to another party's objections within fourteen (14) days of service."  W.D. Mich. LCivR 72.3(a) (Appeal of Nondispositive Matters).

This Court will reverse an order of a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a).  A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "An order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted).

Plaintiff here has identified no factual or legal error in: (1) the Magistrate Judge's conclusion, based on relevant authorities that Plaintiff fails to adequately acknowledge or address, that Plaintiff's request for accommodation and other miscellaneous relief is without merit;[1] (2) the Magistrate Judge's conclusion that Plaintiff is not entitled to appointment of counsel at this time;[2]

---

[1] *See, e.g., Zang v. Zang,* Nos. 1:11-cv-884, 1:12-cv-629, 2013 WL 4777092, at *2 (S.D. Ohio Sept. 5, 2013) (stating that "federal courts do not fall within the definition of a covered 'public entity' under the ADA,  and are exempt from its provisions") (citing 42 U.S.C. § 12131); *Stanek v. Saint Charles Cmty. Unit Sch. Dist. #303*, No. 13-cv-3106, 2020 WL 9348202, at *2 (N.D. Ill. May 26, 2020) (holding that the "Rehabilitation Act . . . does not apply to federal courts").

[2] *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993) (the decision to deny a civil litigant's request for counsel will be overturned only when the denial of counsel results in "fundamental unfairness impinging on due process rights"); *Burns v. Brewer*, No. CV 18-10937, 2019 WL 13368510, at *1 (E.D. Mich. Apr. 10, 2019) (indicating that appointment of counsel is not warranted at this stage of the litigation).

and (3) the Magistrate Judge's conclusion that recusal, transfer, and stay are not warranted on the facts before the Court.[3]  Given Plaintiff's failure to identify factual or legal error in the pretrial Order filed by the Magistrate Judge, Plaintiff's appeal is properly denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Appeal to District Judge (ECF No. 21) is DENIED.

Dated:  February 24, 2026                            /s/ Jane M. Beckering
                                                                  JANE M. BECKERING
                                                                  United States District Judge

---

[3] *Liteky v. United States,* 510 U.S. 540, 551, 555 (1994) (establishing that Plaintiff not has not made the required showing for recusal or disqualification); *accord Hewitt v. McCrary*, 387 F. Supp. 3d 761, 770 (E.D. Mich. 2019) ("The analysis of a recusal motion starts from the premise that a federal district judge "is presumed to be impartial. Thus, '[t]he burden is on the moving party to justify disqualification,' and Plaintiff "has not cited a single case in which a district court has recused itself, or a circuit court or the Supreme Court has required recusal, under circumstances like those presented here") (citing *Scott v. Metro. Health*, 234 F. App'x 341, 352 (6th Cir. 2007)). The Court notes, for purposes of correcting the record, that Judge Beckering's spouse has not worked for the United States Attorney's Office for the Western District of Michigan since 2022.