**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CONRAD ROCKENHAUS,

        Plaintiff

v.

STYLIANOS AGAPIOU, et al.,
        Defendants.
_____/

Case No. 2:25-cv-12716
Hon. Jane M. Beckering

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER REGARDING THEFT OF LITIGATION FUNDS AND SEIZURE OF EVIDENTIARY DEVICES**

**I. STATEMENT OF THE ISSUE**

Whether a third party can be permitted to obstruct a federal civil rights action by seizing the Plaintiff's evidentiary devices, locking his legal email accounts, and withholding his only source of income.

**II. ARGUMENT**

**A. Irreparable Harm via Obstruction of Access to Courts.** The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have that underlying claim adjudicated." *Christopher v. Harbury*, 536 U.S. 403 (1822). Adrienne Rockenhaus is not merely a "disgruntled spouse"; she is an active obstructionist. By holding Plaintiff's iPhone 16e, iPad, and Mac Mini, she is holding the "Discovery Record" hostage. By locking the conrad@rockenhaus.com and conrad@cannabytes.net accounts, she has cut off Plaintiff's ability to retrieve the very emails that prove his claims against the Defendants.

**B. Likelihood of Success and Balance of Equities.** The devices and email domains are the property of the Plaintiff. Adrienne Rockenhaus has no legal authority to seize them, particularly after her "Next

Friend" status was debunked and her fiduciary authority was revoked on February 17, 2026. The public interest is served by preventing the "theft" of a litigant's evidence by a third party.

Respectfully submitted,

/s/
Conrad Rockenhaus
312 W. Huron St
Ann Arbor, MI 48103
crockenhaus@icloud.com
(254) 340-7910
Dated: March 10, 2026